George Powell, Adm'r, *vs.* John Bigley.

---

No. 8.—George Powell, Adm'r, plaintiff in error, *vs.* John Bigley, defendant.

[1.] Where there is some evidence on both sides, even though the verdict be against the strong preponderance of the testimony, unless that preponderance be so great as to be suggestive of improper bias or gross misapprehension, and that to an extent which shocks the understanding and moral sense, a reviewing Court will not disturb that verdict.

Trover, &c., in Coweta Superior Court.  Tried before Judge Hill, March Term, 1853.

George Powell, Adm'r, *vs.* John Bigley.

This was an action of Trover to recover certain negroes, brought by John Bigley against John B. Russell, since deceased, and whose administrator is the plaintiff in error. Russell had intermarried with the daughter of the plaintiff, and the negroes in question, had been sent to the house of defendant, and remained until his wife's death, when this action was brought. Several witnesses were introduced by the plaintiff, who testified that when he sent the negroes to Russell, and at various times thereafter, he had told him that he did not intend these negroes for him; that he intended 'to keep them himself: but would at some time procure others which he would give to Russell—and that Russell had several times admitted the right of ownership in the plaintiff, by asking his permission to sell them. On the other hand, defendant introduced witnesses, testifying to various sayings of plaintiff, recognizing ownership of the negroes in Russell; and one witness stated that "he once heard defendant ask plaintiff for a title or deed to the negroes; when plaintiff replied that it was not necessary; for his sending the negroes home with his daughter, was as good a title as the law could make". The jury found for defendant, when on motion of plaintiff, the Court granted a new trial, on the ground that the verdict was contrary to law and to the evidence. To which decision defendant excepted.

McKINLEY for plaintiff in error.

HAMMOND for defendant.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] In our opinion, there was error in the decision of the Court granting a new trial in this case, on the ground that the verdict was contrary to evidence.

We have repeatedly held, that a reviewing Court should not disturb the verdict of a jury, where there is some evidence on both sides, even though the verdict be against the strong preponderance of the testimony, unless that preponderance be so

great as to be suggestive of improper bias, or gross misapprehension on the part of the jury, and that to an extent which shocks the understanding and moral sense.

There was some evidence here for the defendant, although the weight of testimony was against the verdict.   But we see nothing to authorize the conclusion, that this was so, to such an extent as to indicate improper bias, or gross misapprehension; and therefore we think the Court erred in granting a new trial.

Let the judgment be reversed.