26912. SOUTHERN SAVINGS BANK *v.* DICKEY.

DECIDED NOVEMBER 3, 1938.

*Marion Smith, Mitchell & Mitchell,* for plaintiff in error.
*John M. Seal, Chauncey Middlebrooks,* contra.

SUTTON, J. According to the allegations of the petition, the plaintiff's contract with the defendant was that he was to be paid for his services a salary which at all times was to be only $50 per month less than the salary paid to J. G. Burckhardt Jr. The contract was not for any definite period of time. After paying the plaintiff a salary of within $50 per month of the salary paid to Burckhardt Jr., from October 28, 1926, through 1929, the defendant, on December 31, 1929, paid Burckhardt Jr. extra compensation or bonus, which was in effect additional salary, but failed to pay the plaintiff in the same ratio according to the contract. Each year thereafter, until September 1, 1937, the defendant continued to pay Burckhardt Jr. additional or extra compensation, which made his salary more than $50 per month above that paid to the plaintiff. By so doing, it is alleged, the defendant violated and breached its contract with the plaintiff. It appears that the plaintiff continued to perform his services as secretary and treasurer of the defendant corporation for a period of almost eight years after, as he contends, the first breach of the contract occurred; and that he received for his services during that time $200 per month, the same salary that he was being paid when, as he claims, the contract was first breached. During all that time the plaintiff made no protest against the defendant paying Burckhardt Jr. additional or extra compensation, but plaintiff says that this was to his best in-

terest, as he was entitled to a pro rata raise in salary each time Burckhardt Jr. was paid additional compensation.

"The commonest case of. election in the law of contracts arises where, with knowledge of a breach of condition or a defense excusing performance, a promisor either refuses or continues to accept performance from the other party. As the only theory upon which the benefit of such performance can be rightfully received is on the assumption of an election to continue the contract, that assumption is made if the injured party accepts further performance." 3 Williston on Contracts (ed. 1936), 1980, § 687. "The principle is general that wherever a contract not already fully performed on either side is continued in spite of a known excuse, the defense thereupon is lost and the injured party is himself liable if he subsequently fails to perform, unless the right to retain the excuse is not only asserted but assented to." Id. 1983, § 688. The contract, being for an indefinite period of time, was terminable at the will of either party. And when the defendant breached or changed the contract and departed from its terms, and this was acquiesced in and accepted by the plaintiff by his continuing to work and receive pay therefor, without objection or protest, he is now bound thereby and can not be heard to complain. It was said in Norton v. Brookline, 183 Mass. 160 (63 N. E. 930); "An employment terminable at any time is subject to modification at any time by either party as a condition of its continuance, and may even be split up so as to allow a recovery for one part of a continuous service and disallow it for another part." In Donnellan v. Halsey, 176 (N. J.) 176, it was ruled: "Thus, if the relationship existing between the parties was based on a contract, such as is involved herein, terminable at the will of each party, it necessarily follows that it was subject to modification at any time as a condition of its continuance. The contract was modified in 1927 and 1929, and as modified was accepted by appellant, and as accepted by appellant was fully performed by the respondents." The Code, § 20-116, declares: "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." See

*Eaves* v. *Georgian Co.,* 47 *Ga. App.* 37 (4) (169 S. E. 519) ; *Kennedy* v. *Walker,* 156 *Ga.* 711 (3) (120 S. E. 105). Of course, it is a well-settled principle of law that "Where a contract of employment is made for one year at a stipulated salary per month, an agreement during the term to receive less, or to pay more, than the contract price is void, unless supported by some change in place, hours, character of employment, or other consideration" (*Davis* v. *Morgan,* 117 *Ga.* 504, 43 S. E. 732, 61 L. R. A. 148, 97 Am. St. R. 171) ; but this principle is not applicable to the facts of this case, because the contract was not for a definite period of time. However, it is contended by the defendant in error that a contract for an indefinite period, when executed, becomes binding and can be enforced. This is true. But neither is this rule applicable to the present case, where the contract was terminable at the will of either party, and was in fact changed by the defendant and accepted by the plaintiff as above stated.

Where, as in the present case, the petition discloses that the defendant violated and changed the terms of the contract, and the plaintiff elected to accept the breach and abide by the changes by continuing to perform services thereunder and receive the benefits therefrom for a period of seven or eight years, without objection or protest, he can not then, upon terminating his services with the defendant, maintain a suit for benefits which he claims accrued to him under the original contract but after the alleged breach and changes in the contract occurred. The petition was subject to the general demurrer, and the court erred in overruling it.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*