### 41345. PIEDMONT SOUTHERN LIFE INSURANCE COMPANY v. COPELAND.

HALL, Judge. In this case the plaintiff sued the defendant for commissions for services as agent in securing a group insurance contract allegedly due under the terms of a written, "Special Agent's Contract" between the parties which provided for a schedule of commission rates on different kinds of insurance contracts. The trial resulted in a verdict for the plaintiff, and the defendant assigns error on the judgment of the trial court overruling his motion for judgment notwithstanding the verdict. *Held:*

The defendant contended in its answer and by its evidence that the parties mutually departed from the provisions of the Special Agent's Contract respecting the plaintiff's rate of commission on the group insurance contract, and contended in particular that the plaintiff acquiesced in and elected to accept a change in the commission rate in receiving payment from the defendant of commissions on the group insurance contract at a lower rate and continuing to work for the company and earning commissions on other insurance contracts.

The defendant relies on *Southern Savings Bank v. Dickey,* 58 Ga. App. 718 (199 SE 546) which held that a petition of an employee of a corporation alleging that he had been paid less than the amount agreed upon for his services, was held not to state a cause of action because it showed that the plaintiff had elected to accept a change in the contract made by the employer when the employer had paid him less than allegedly agreed, and the plaintiff continued to perform services for 7 or 8 years thereafter without objection or protest. In the present case the evidence does show that the defendant paid the plaintiff commissions on the group contract at the lower

rate for about a year while the plaintiff continued to work for the company. The evidence is in dispute, however, as to whether the plaintiff protested during this time that these commissions were not at the rate he was entitled to under his employment contract. Since the evidence did not demand a finding for either party on this issue, but would support a finding that the plaintiff did not accept the lower commissions without protest, the decision in the *Southern Savings Bank* case, supra, is not controlling. Accord *Bearden Mercantile Co. v. Madison Oil Co.*, 128 Ga. 695 (58 SE :200); *Selman v. Manis,* 100 Ga. App. 422, 430 (111 SE2d 747).

Whether or not there has been a mutual departure from the terms of a contract is generally a question for a jury. *Southern Feed Stores v. Sanders*, 193 Ga. 884, 887 (20 SE2d 413); *Powell v. Mars Oil Co.*, 214 Ga. 710 (107 SE2d 208); *Mauldin v. Gainey*, 15 Ga. App. 353 (83 SE 276).

Since the evidence on the issues of fact raised by the allegations of the defendant's answer were in dispute, the defendant was not entitled to a verdict upon these issues as a matter of law even if, as the defendant contends, the order of the trial court overruling the plaintiff's demurrers to allegations of the answer established the law of the case as to those allegations.

The trial court did not err in overruling the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*

SUBMITTED JUNE 9, 1965—DECIDED JUNE 15, 1965.

*Wiggins & Smith, M. T. Simmons, Jr., Hatcher, Stubbs, Land & Rothschild, Albert W. Stubbs,* for plaintiff in error.

*James H. Fort,* contra.