## 42889. GREGORY v. CHALKER.

JOSLIN, Judge. This is an appeal from an order overruling a motion for new trial in which a verdict and judgment were rendered for the defendant in an action for damages for injuries alleged to have been sustained in a collision that occurred between two vehicles at an intersection.

There are fifteen enumerations of error but many are repetitious and will be considered together.

The 1st, 2nd, 3rd, 4th, 6th and 7th assignments of error raise the question of the validity of an alleged ordinance of the City of Macon, Ga., which purports to regulate the flow of traffic in the City of Macon. This ordinance is alleged to be as follows: "Sec. 23-58. Yield Right-of-Way and Stop Signs. . . The operator of a vehicle, approaching a stop sign, shall stop in obedience to said stop sign and, after stopping, shall proceed cautiously, yielding the right-of-way to all vehicles approaching from the left and right on intersecting streets, which are so close as to constitute an immediate hazard. If an operator of a vehicle is involved in a collision at an intersection or interferes with the movement of other vehicles after stopping and driving past a stop sign, such collision or interference shall be deemed prima facie evidence of the operator's failure to yield the right-of-way."

It is evident that this ordinance as alleged would be in conflict with *Code Ann.* § 68-1652 (b), which provides: "The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed." It was not error then to sustain demurrers to the allegations in regard to the ordinance, nor was it error to instruct the jury to disregard those allegations in the appellant's petition. See *Code Ann.* § 68-1606.

The 5th, 9th, 10th and 14th assignments of error relate to an amendment to the answer made by the defendant. This amendment inserted a purported ordinance of the City of Macon as follows: "It shall be unlawful for any person who is operating any vehicle upon the streets of the city to look in any direction other than that in which he is traveling."

This ordinance is a nullity and needs no comment. The amendment, therefore, was improperly allowed. It follows, that to admit the ordinance in evidence and the charge concerning it were also errors.

The judge in charging the jury stated: "Where a statute of the State of Georgia or an ordinance of the City of Macon requires certain acts of care and diligence to be observed under given circumstances or at certain times and places, then I charge you the failure to observe the care and diligence prescribed by such laws is negligence per se, that is, negligence as a matter of law. I am going to read to you an ordinance of the City of Macon and certain statutes of the State of Georgia, and if you find there has been a violation of any one of these statutes, or ordinances, the violator would be guilty of negligence as a matter of law. City Code, Section 23-28, on Visual Alertness, which was at the time of this incident codified as Section 82-1207, and which section or which ordinance will be out with you, says this: 'Visual Alertness. It shall be unlawful for any person who is operating any vehicle upon the streets of the city to look in any direction other than that in which he is traveling.' . . . I charge you that, among other things, the defendant contends in this case that he was not negligent in any of the ways claimed by the plaintiff in his petition, and he contends that plaintiff was violating a city ordinance, which I have just read to you. Should you find this contention or these contentions to be the truth of the case, you would find your verdict for the defendant."

It seems inescapable that the jury under these instructions would have decided for the defendant, if they found that the plaintiff looked "in any direction other than that in which he is traveling," and this is reversible error.

Other enumerations of error not likely to recur on retrial are not considered.

*Judgment reversed. Bell, P. J., concurs. Pannell, J., concurs in the judgment.*

SUBMITTED JUNE 12, 1967—DECIDED JUNE 22, 1967—
REHEARING DENIED JUNE 30, 1967—

*Harris, Russell & Watkins, Joseph H. Davis, Peter J. Rice,* for appellant.

128

*Martin, Snow, Grant & Napier, Hendley V. Napier, Cubbedge Snow,* for appellee.