## 49928. LUKE v. McGUIRE INSURANCE AGENCY OF GEORGIA, INC. et al.

Marshall, Judge.

This is an appeal from a verdict and judgment in the State Court of DeKalb County, in which appellant sought commissions from appellee, appellant's former employer.

Appellant commenced employment for appellee on July 7, 1970. A memorandum of agreement between the parties was prepared at that time setting forth appellant's salary of $15,000 plus 2% commission to be paid after appellant's production exceeded $200,000. The memorandum contained the following provision: "This is meant to be a basic summary of our relationship and there is certainly nothing that we are locked into in a hard and fast fashion."

In August, 1970, a sales meeting was held at the home office of appellee, which meeting was attended by appellant. All of appellee's employees and salesmen were notified at this meeting of a reorganization in appellee's company that would make it necessary to terminate commissions and establish a new method of compensation for its employees. In October, 1970, the company treasurer of appellee came to the Atlanta office of appellee

where appellant was employed and explained the terms of the new incentive compensation plan, which consisted of a salary plus bonus of 5% of the net profit of the Atlanta office. The new plan, also, provided that salaries would be increased periodically in lieu of commissions.

It was appellant's contention that he did not agree with the new plan of compensation. Appellant did continue employment with appellee at the time of the installation of the new plan. It was agreed by the parties at the trial that in October, 1970, appellant had not generated commissions near the $200,000 sales volume that would have entitled the plaintiff to commissions at that time under the original memorandum agreement; therefore, no commissions were owed by appellee to appellant at that time.

In accordance with the new plan of compensation, the appellee raised appellant's salary on April 1, 1971, from $15,000 per year to $18,000 per year. At the end of 1971 a 5% bonus was paid to appellant in the amount of $900 in accordance with the new plan of compensation. In January, 1972, appellant's automobile allowance was increased from $200 to $300 per month, and on January 1, 1972, appellant's salary was increased to $20,800 per year.

Appellee opened a new office in Orlando, Florida, and appellant was transferred there to be manager of that office in December, 1972. In January, 1973, appellant's salary was increased to $26,000. All salary increases, including the bonus and increase in car allowance were made by appellee to appellant pursuant to the new plan of compensation adopted by appellee in October, 1970.

Appellant, at the trial, contended that he was entitled to a commission of 2% in accordance with the memorandum agreement dated July 7, 1970, whereas the appellee contends that this original method of compensation was terminated in October, 1970. Appellant further contended that he did not agree to the change in compensation, although evidence at the trial was to the effect that he accepted the regular salary increases over the two and one-half year period, including the bonus and an increase in the car allowance. Appellee contended at the trial that these acceptances of increased

compensation and benefits indicated a ratification of the new plan of compensation.

In November, 1972, and again in December, 1972, appellee loaned the appellant the aggregate sum of $9,500 to enable him to purchase a home in the State of Florida, in accordance with his transfer there.

At the time it was agreed by the appellant that he would repay appellee these loans upon the sale of appellant's house in Atlanta. At the time of the trial of the case, appellee had not been repaid this loan, although appellant's house had been sold subsequent to his move to Florida.

Appellant filed suit against appellee seeking payment of commissions, totaling $24,406.60, alleged to have been owed to appellant by appellee while in his employment. Suit was not filed until after appellant had left appellee's employment. Appellee filed an answer denying that commissions were owed to appellant and also filed a counterclaim seeking the amount of $10,000, consisting of the two personal loans made to appellant aggregating $9,500 plus advances, totaling $500, that had been made to appellant.

At the trial appellee contended that appellant had not notified appellee that he relied upon the exact terms of the agreement of July 7, 1970, and that appellant's acceptance of the increased benefits shows that he could not have relied upon the exact terms of the original agreement. Appellee further contended that all of the salary increases received by appellant, including bonus and increase in car allowance, were changes from the original agreement upon which appellant bases his case.

After a trial, the jury returned a verdict in favor of appellee in the amount of $9,612.15. Judgment was entered in favor of appellee against appellant in this amount, and appellant appeals from the overruling of his motion for a new trial.

The basic issue in this case was: Was the original agreement in effect as far as commissions to appellant were concerned all through the term of appellant's employment by appellee, or did appellant by words or actions agree to the modification of the compensation arrangement in 1970 to the extent that commissions were

eliminated from the method of compensation?

Appellant enumerated nine errors contended to have been committed by the trial court. *Held:*

1. Appellant, in his first enumeration of error, contended that the trial court erred in allowing appellee to cross examine appellant on matters immaterial and irrelevant to the case, particularly to appellant soliciting away several customers of the appellee after appellant's employment had terminated. The cross examination referred to by appellant in his brief refers to material contained in pages 51 through 53 in the transcript. The cross examination specifically referred to does not contain any objections by appellant concerning the line of questioning as being irrelevant nor is there any objection interposed whatsoever. It is fundamental that one is limited in his appeal to grounds of objection which he properly presented to the trial court, and he cannot make them for the first time on appeal. *Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga. App. 479 (191 SE2d 298); *H. W. Ivey Const. Co. v. Transamerica Ins. Co.,* 119 Ga. App. 794 (168 SE2d 855); *Abrams v. State,* 223 Ga. 216 (9) (154 SE2d 443). There is no merit in this enumeration of error.

2. In his second enumeration of error appellant contends: "The trial court erred in denying appellant a full latitude of cross-examination in that he was refused the right to cross-examine appellee's witnesses on a matter of mutual benefit that appellee had been allowed to cross-examine appellant about." Appellant cited portions of the record on pages 61 through 64 and also on page 36, and again a portion on pages 124-125 of the record. A careful examination of the record reveals no such material in the portion of the record on pages 61 through 64, nor on page 36. However, on pages 124-125 of the record appellant sought to cross examine appellee's witness concerning monies which appellee obtained as its portion of the commissions generated by appellant. These questions had no relevancy concerning the issues in the case sub judice and, therefore, the trial court was correct in excluding this evidence. Although the right of cross examination, thorough and sifting, shall belong to every party as to a witness called against him, this right is not abridged by the trial court confining the cross

examinations to matters relevant to the issue on trial. *Cox v. Norris,* 70 Ga. App. 580, 584 (28 SE2d 888); *Quinton v. Peck,* 195 Ga. 299 (5) (24 SE2d 36); *City Bank of Macon v. Kent,* 57 Ga. 283, 285. The scope of the cross examination is largely discretionary with the trial court. And the exercise of such discretion will not be controlled by a reviewing court unless it is abused. *Haugabrooks v. Metropolitan Life Ins. Co.,* 63 Ga. App. 829, 835 (12 SE2d 163). There is no merit in this enumeration of error.

3. Appellant's third enumeration of error contends that the trial court erred in admitting into evidence defendant's Exhibit 2. This exhibit was a three-paged, single-spaced letter from an employee of appellee to the president of the appellee corporation. There was no evidence submitted at the trial that appellant had seen this letter prior to the trial of the case. However, both the writer and the addressee testified at the trial and were cross examined thoroughly by appellant. This letter was permitted to go out with the jury when it retired to deliberate on its verdict, and it was unquestionably of a self-serving nature. "A self-serving declaration within the proscription of the hearsay rules of evidence is one made out of court, not under oath, and which is of benefit to or in the interest of the declarant." *Price v. Star Service & Petroleum Corp.,* 119 Ga. App. 171 (166 SE2d 593); *State Hwy. Dept. v. Godfrey,* 118 Ga. App. 560 (1) (164 SE2d 340); *DeFreese v. Beasley,* 114 Ga. App. 832 (152 SE2d 772); *McNamara v. Ga. Cotton Co.,* 10 Ga. App. 669, 674 (73 SE 1092).

We do not approve of the action of the trial court in admitting into evidence this self-serving letter, thereby permitting it to be available to the jury during its deliberations. However, in view of the fact that both the writer and recipient of the letter testified concerning the statements in the letter, and both were thoroughly cross examined by appellant, admitting the letter into evidence was harmless error.

4. Appellant's fourth enumeration of error contends that the trial court erred in failing to direct a verdict in favor of appellant. A study of the record in this case reveals ample evidence to support the verdict of the jury, and, clearly, a verdict in favor of appellant was not

demanded. On the contrary, it can be urged that the plaintiff ratified the new salary schedules between October, 1970, and February, 1973, by accepting benefits thereunder without question or protest. Code § 20-116; *Southern Savings Bank v. Dickey,* 58 Ga. App. 718 (199 SE 546). Since the jury returned a verdict for appellee, we need not make this determination. The trial court did not err in failing to direct a verdict in favor of appellant.

5. Appellant's fifth enumeration of error contends that the trial court erred in charging the jury with regard to Code § 20-116. With this contention we cannot agree. The case of *Southern Savings Bank v. Dickey,* 58 Ga. App. 718, supra, cited in the brief of appellee, held: "Where the petition discloses that the defendant violated and changed the terms of the contract, and the plaintiff elected to accept the breach and abide by the changes by continuing to perform services thereunder and receive the benefits therefrom for a period of seven or eight years, without objection or protest, he cannot then, upon terminating his services with the defendant, maintain a suit for benefits which he claims accrued to him under the original contract but after the alleged breach and changes in the contract occurred." The situation as contended by the appellee was almost identical with the facts in the above cited case, and it was not error on the part of the trial court to charge the jury concerning this Code section.

6. In his sixth enumeration of error, appellant contends that the trial court erred in charging the jury that a new contract had been entered into between the parties in October, 1970. In this connection in its charge, the trial court stated: "This condition precedent was not met by the plaintiff in October, 1970, when the new arrangement or contract was made, hence the portion of the contract regarding commissions was absolute and obligatory upon the defendant McGuire Ins. Agency." In a recharge the following day, the trial court corrected this portion of the charge by inserting the word "not" between "was" and "absolute."

Appellant's objection to this part of the charge at the trial was not the same objection asserted in his enumeration of error. At the trial, appellant's objection was that the court "did not give the reverse side of it"; the

sixth enumeration of error was that the court erred in charging that a new contract had been entered. This objection referred to in this enumeration of error was not made at the time of trial, and it was impossible for the trial court to rule on a ground for objection not made at the trial of the case. *Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga. App. 479, supra.

This enumeration of error is without merit.

7. In his seventh enumeration of error the appellant contends that the trial court erred in recharging the jury a limited portion of its charge the next day after the original charge had been given. The record reveals that the appellant did not object to this partial recharge at the time it was given and therefore it presents no question for this court to pass on under the provisions of Code Ann. § 70-207, which requires an objection prior to the jury returning its verdict.

8. Appellant's eighth enumeration of error contends that the trial court erred in entering up judgment for the appellee. Appellant gives no reason nor authority for this enumeration of error, and it is without merit, since there was ample evidence to support the jury's verdict on which the judgment was based.

9. Appellant's ninth enumeration of error contends that the trial court erred in that any one of the foregoing errors, either singly or in conjunction with one or more of them, caused the jury to become confused and have a distorted view of the evidence and thus reach an erroneous conclusion. This enumeration of error is actually a duplication of earlier enumerations of error in that it seeks to reiterate single contended errors in the charge of the trial court. This constitutes no additional enumeration of error. In addition, it contends that the charge as a whole was confusing to the jury. With this contention, we do not agree. There is no merit in this enumeration of error.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED NOVEMBER 7, 1974 — DECIDED FEBRUARY 13, 1975.

*Kirby G. Bailey,* for appellant.

*Richardson, Chenggis & Constantinides, Robert P. Mallis,* for appellees.