### 54267. THOMPSON v. HILL et al.

WEBB, Judge.

Mrs. Thompson appeals from the denial of her motion for a new trial in which a verdict and judgment were rendered for the defendants in an action for damages for injuries claimed to have been sustained in a collision that occurred between two vehicles at an intersection in Atlanta. She enumerates four alleged errors.

1. Did the trial court err in charging, over appellant's exception, Code Ann. § 68-1651[1] (vehicle turning left at intersection) rather than an ordinance of

---

[1] Code Ann. § 68-1651 was repealed by the Uniform Rules of the Road Act (Ga. L. 1974, p. 633), approved March 25, 1974. The collision occurred on March 8, 1974. This section, however, is partly embraced in § 68A-402 of the new Act.

the City of Atlanta, which had been introduced in evidence, and which set a stricter standard of care on making a left turn?

Section 68-1651 then provided: "The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this Act, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the vehicle making the left turn." Ga. L. 1953, pp. 556, 590, § 73.

The City of Atlanta ordinance on "Vehicle turning left at intersection," designated as § 18-142 of the 1965 Code of Ordinances of the City, provides: "The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but such driver, having so yielded and having given a signal when and as required by sections 18-199, 18-200 and 18-201 of this chapter may make such left turn when he can do so with reasonable safety and without creating a hazard to other traffic moving lawfully within the roadway."

Thus it appears that the city ordinance is contrary to and more strict in its provisions than the state law then in effect embodied in the latter part of former § 68-1651. The city ordinance would nullify that portion of the general law which required on-coming vehicles to yield the right of way to left-turning vehicles. Such a modification of the general law is proscribed by the Constitution. Art. I, Sec. II, Par. VII, Ga. Constitution (1976) (Code Ann. § 2-207)[2]; *City of Atlanta v. Hudgins,* 193 Ga. 618, 623 (1) (19 SE2d 508) (1942); *Edwards v. Bullard,* 131 Ga. App. 34, 35 (1) (205 SE2d 115) (1974); *Beard v. City of Atlanta,* 91 Ga.

_____

[2] Art. I, Sec. IV, Par. I, Ga. Constitution (1945), formerly Code Ann. § 2-401.

App. 584, 585 (1) (86 SE2d 672) (1955). We held in *Gregory v. Chalker,* 116 Ga. App. 126 (156 SE2d 390) (1967), that it was not error to instruct the jury to disregard allegations setting up a Macon city ordinance that conflicted with Code Ann. § 16-1652 (b) relative to a vehicle's entry through a highway or a stop intersection.

Appellant contends, however, that the Atlanta ordinance was within the ambit of Code Ann. § 68-1607 (a) (9) permitting local authorities to regulate or prohibit the turning of vehicles at intersections. Subsection (b) of § 68-1607 provides that "[n]o ordinance or regulation enacted under subdivisions . . . (9) of this section shall be effective until and unless signs giving notice of such local traffic regulations are posted upon or at the entrance to the highway or part thereof affected as may be most appropriate." We find no evidence that any notice of local traffic regulations was posted at or near the intersection.

Appellant's contention that the trial court erred in not charging the Atlanta traffic ordinance governing left turns as an exception to Code Ann. § 68-1651 is without merit. Actually, appellant had pled as negligence per se the alleged violation by the defendants of § 68-1651. The court properly instructed the jury on the then prevailing general law set forth in § 68-1651, and to the exclusion of the local ordinance.

2.  Did the court err in sustaining defendants' objections to questions to plaintiff as to what her physician told her that determined her course of conduct and state of mind?

To complain of exclusion of evidence on direct examination the one who offers the evidence must show "that a pertinent question was asked, that the court ruled out an answer, that a statement was made to the court at the time showing what the answer would be, and that such testimony was material and would have benefited the complaining party." *Foster v. National Ideal Co.,* 119 Ga. App. 773 (1) (168 SE2d 872) (1969); *Carter v. Tatum,* 134 Ga. App. 345, 348 (4) (212 SE2d 439) (1975). At the time the questions were asked the plaintiff by her counsel, no showing was made as to what the testimony would reveal. In fact her counsel stated: "I don't know what her answer will be."

3. Did the court err in failing to set aside the verdict and judgment and in not granting a new trial when the plaintiff made out an unrebutted prima facie case of liability for negligence per se causing personal injuries to the plaintiff?

The question presupposes that the defendant's plea of guilty in the City Court of Atlanta to a charge of making an improper left turn, for which she was fined $25, was conclusive evidence of negligence per se and established a prima facie case of liability.

A guilty plea is an admission against interest and prima facie evidence *of the facts admitted. Edwards v. Bullard,* 131 Ga. App. 34, 37, supra; *State Farm Mut. Auto. Ins. Co. v. Godfrey,* 120 Ga. App. 560, 563 (171 SE2d 735) (1969). Although defendant's plea of guilty to a traffic violation is an admission, "it is not conclusive that defendant was negligent as it is only a circumstance to be considered along with the other evidence in the civil action for damages." *Roesler v. Etheridge,* 125 Ga. App. 358, 359 (1) (187 SE2d 572) (1972); *Roper v. Scott,* 77 Ga. App. 120, 124 (48 SE2d 118) (1948).

Mrs. Hill testified that she entered a plea of guilty because she thought at the time of her plea that the law prohibited a left turn when the traffic light at the intersection did not have in operation a turn signal, but at the time of the collision there was no turn signal at the intersection. She also testified about the caution she exercised as she negotiated the left turn. Her guilty plea in traffic court to making an improper left turn did not preclude a determination by a jury on the issue of negligence. *Malcom v. Malcolm,* 112 Ga. App. 151, 155 (1) (144 SE2d 188) (1965).

4. The final alleged error is that there was insufficient evidence to support the verdict.

Immediately following the collision Mrs. Thompson told Mrs. Hill she was not hurt. In response to the traffic court judge's inquiry, Mrs. Thompson told him she had not been hurt in the collision. She told the police officer who arrived at the scene shortly after the collision that she was not injured. She said she had a pain in her lower back and upper shoulder, that her pregnancy had an effect on her lower back. She introduced no expert medical testimony.

She went to the emergency clinic at Grady Memorial Hospital approximately two years after the collision, complaining of a low back pain.

In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported with some evidence, even where the verdict may be against the preponderance of evidence. *Northcutt v. Crowe,* 116 Ga. App. 715, 717 (158 SE2d 308) (1967); *Powell v. Bigley,* 14 Ga. 41 (1853); *Page v. Page,* 217 Ga. 606 (1) (123 SE2d 922) (1962). See *Kingston Development Co. v. Kenerly,* 132 Ga. App. 346 (208 SE2d 118) (1974). Ours is a court for the "correction of errors of law. . ." Ga. Constitution (1976), Art. VI, Sec. II, Par. VIII (Code Ann. § 2-3108). Whether there is any evidence that would support the finding of the verdict is a question of law. A review of the transcript indicates to us that there was ample evidence to support the verdict for the defendants, and we will not disturb the trial court's denial of appellant's motion for new trial. *Oxford v. Pierson,* 142 Ga. App. 289 (1977).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

SUBMITTED SEPTEMBER 6, 1977 — DECIDED SEPTEMBER 20, 1977.

*Frank M. Eldridge,* for appellant.
*Dennis, Corry, Webb, Carlock & Williams, Thomas S. Carlock,* for appellees.