## 68769. CORLEY v. HARRIS.

DEEN, Presiding Judge.

The appellant, Marvin Corley, brought this action against the appellee, Sarah Harris, seeking damages for injuries he sustained when his motorcycle collided with the appellee's automobile. The collision occurred as the appellee attempted a left turn at an intersection, which was regulated by a traffic light, and as the appellant proceeded through the intersection. Whether the traffic light was green or red at the time was an issue in dispute. Following the trial, the jury returned a verdict for the defendant/appellee.

On appeal, Corley contends that the trial court erred in disallowing individual questioning of the prospective jurors on voir dire as to whether any of them were agents for the Horace Mann Insurance Company; that the trial court erred in disallowing his cross-examination of the appellee on whether she had filed any counterclaim against the appellant for the damage to her automobile resulting from the collision; and that the trial court erred in certain instructions to the jury. *Held:*

1. OCGA § 15-12-133 extends to both parties in a civil action the right to question the individual jurors about "any matter or thing which would illustrate any interest of the juror in the case . . .," but "[n]ot every matter and every thing is the subject of permissible inquiry under the Code section." *Henderson v. State*, 251 Ga. 398, 400 (306 SE2d 645) (1983). The examination is under the supervision and direction of the trial court, and its scope must be left to the discretion of the court. *Whaley v. Sim Grady Machinery Co.*, 218 Ga. 838 (131 SE2d 181) (1963).

In qualifying the jury panel, the trial court in this case asked whether any of the prospective jurors were officers, directors, agents, employees, or stockholders of the insurance company in question. The trial court refused appellant's counsel's request to ask the same question of each individual prospective juror, because of the danger of prejudicially impressing upon the jurors the fact that the defendant had liability insurance. Such a restriction on the individual examination, where the trial court has previously qualified the panel with the inquiry, is proper. *Widener v. Mitchell*, 137 Ga. App. 730 (5) (224 SE2d 868) (1976). See also *Weatherbee v. Hutcheson*, 114 Ga. App. 761 (152 SE2d 715) (1966).

2. The gravamen of the appellant's action was that the appellee's negligent operation of her automobile caused the collision and his injuries. One defense proffered by the appellee was that actually the appellant's own negligence had been the cause. On cross-examination of the appellee, the trial court disallowed counsel for the appellant to

inquire whether she had filed any claim against the appellant, seeking to recover damages to her vehicle sustained during the collision.

The right to a thorough and sifting cross-examination extends to all matters, relevant and material to the controversy, within the knowledge of the witness. OCGA § 24-9-64, generally; *Luke v. McGuire Ins. Agency*, 133 Ga. App. 948 (212 SE2d 889) (1975). "[W]here the purpose is to impeach or discredit the witness, great latitude should be allowed by the court in cross-examination . . ." *Western & Atlantic R. v. Burnett*, 79 Ga. App. 530, 533 (54 SE2d 357) (1949), but the scope of the cross-examination still remains within the discretion of the trial court. *Southwire Co. v. Dept. of Transp.*, 147 Ga. App. 606 (249 SE2d 650) (1978).

The appellant contends that the testimony by the appellee that she had not filed any claim against the appellant would have been relevant because of its inconsistency with her defense that the appellant's own negligence caused the injury, i.e., had the appellee's defense been valid, she would have asserted a counterclaim. We find no abuse of the trial court's discretion in excluding this merely speculative, suggestive line of questioning of the appellee about why she had failed or chosen not to instigate legal process against the appellant. It simply did not constitute a substantial denial of the right to a thorough and sifting cross-examination. See *Western & Atlantic R. v. Burnett*, supra.

3. The appellant next asserts that the trial court erred in instructing the jury on OCGA § 40-6-21 (a) (1) (A), rather than OCGA § 40-6-71. The former code section, however, specifically concerns vehicular traffic at intersections regulated by a traffic light, and the trial court properly charged the jury on such. OCGA § 40-6-71 pertains to vehicular traffic turning, onto either an alley, private road or drive, or another public road, at an intersection unregulated by a traffic light; accordingly, an instruction on that section was inappropriate in the instant case.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JULY 3, 1984 —
REHEARING DENIED JULY 17, 1984.

*James N. Finkelstein*, for appellant.
*Edmund A. Landau III*, for appellee.