70335. BRANCH v. THE STATE.
(334 SE2d 24)

DEEN, Presiding Judge.

Francis Edward Branch made a left turn at a green light in an intersection after giving a signal of intent to turn left. At the same time, an oncoming vehicle made a left turn. This vehicle was followed by a police car, which turned, followed appellant, and stopped him. The officer testified that the incident resulted in a near-collision between appellant's vehicle and his patrol car. The officer followed appellant to observe his driving and, after noting it to be erratic, stopped him. The officer smelled an odor of alcoholic beverages on his breath, read him the implied consent warning, and asked him to submit to a breath test. Appellant consented and was transported to the Waycross City Police Station, where a breath test was administered. The test showed appellant had a blood alcohol level of .10 grams percent. Appellant was charged with making an improper left turn and driving under the influence of alcohol. He filed a motion to suppress, claiming the stop made by the arresting officer lacked probable cause or articulable suspicion of any wrongdoing. On appeal he enumerates as error the failure to grant his motion to suppress. *Held:*

It is well established " 'that Supreme Court holdings sculpt out, at least theoretically, three tiers of police-citizen encounters: [1] communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, [2] brief "seizures" that must be supported by reasonable suspicion, and [3] full-scale arrests that must be supported by probable cause. [Cits.].' *United States v. Berry*, [670 F2d 583 (5th Cir. 1982)]." *McAdoo v. State*, 164 Ga. App. 23, 26 (295 SE2d 114) (1982).

The officer's stop falls within the second category set forth above in that the stop of appellant's automobile did not involve coercion or detention which restrained appellant's liberty, but was purely investigative because the officer believed appellant's left turn resulted in a near-collision with his patrol car and the officer observed him driving erratically afterwards. OCGA § 40-6-71 requires the driver of a vehicle intending to turn left to "yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard." Thus, the officer had a reasonable articulable suspicion of wrongdoing which would justify a "Terry-type" stop. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). See also *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979). The facts necessary to raise a rea-

sonable articulable suspicion are much less than those required to prove guilt beyond a reasonable doubt at trial. *Terry v. Ohio,* supra. *Delaware v. Prouse,* supra. Appellant's acquittal of the traffic violation does not render the stop invalid, because two different standards of proof are involved. The traffic violation required proof beyond a reasonable doubt, whereas the "Terry-type" stop required only an articulable suspicion of wrongdoing.

Appellant also challenges the credibility of the police officer's testimony as to whether appellant made an improper left turn and was driving erratically because it conflicted with that of other witnesses. The credibility of the witness is solely a question for the trier of fact. *Jackson v. State,* 170 Ga. App. 172 (316 SE2d 816) (1984). By acquitting appellant on the traffic charge and denying the motion to suppress, the court obviously found that the officer's testimony was credible, but that there was insufficient evidence of the traffic violation to find Branch guilty beyond a reasonable doubt.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1985.

*Susan C. Janowski,* for appellant.
*Delman L. Minchew, Solicitor,* for appellee.