## 71570. JONES v. THE STATE.
### (339 SE2d 766)

DEEN, Presiding Judge.

Dwight Jones was stopped for suspicion of driving under the influence of alcohol after a police officer observed his vehicle cross the centerline of a four-lane highway and stay there for approximately sixty feet. After he stopped the defendant, the officer noticed that his eyes were bloodshot, his speech was slurred, and that he had a strong odor of alcohol about his person. After the defendant failed several field sobriety tests, the officer advised him of his rights under the implied consent law by reading him a card he carried for the purpose, and arrested him. The defendant indicated that he understood his rights. At trial, Jones claimed the officer "read it like he'd come out of a speed reading course" and that he did not really understand. The results of an intoximeter test were admitted into evidence and showed that the defendant had a blood alcohol level of .11 grams percent. He appeals from his conviction of driving under the influence of alcohol.

1. The trial court correctly overruled the defendant's motion to

suppress evidence of the intoximeter test where appellant conceded he was advised he could have an additional test of his own choosing. Jones contends that there was no affirmative showing that he requested an additional chemical test and relies upon *Steed v. City of Atlanta*, 172 Ga. App. 839 (325 SE2d 165) (1984), as authority for his position. His reliance upon this case is misplaced in view of this court's recent holding in *Dull v. State*, 176 Ga. App. 152 (335 SE2d 605) (1985).

2. A jury verdict of not guilty of improper driving does not negate an essential element of driving under the influence of alcohol and does not result in an irreconcilable conflict between the verdicts.

Jones contends that driving in the improper lane was the sole reason the officer stopped him and, as he was acquitted on this count, there was no probable cause to form the basis for stopping him for driving under the influence. The facts necessary to form an articulable suspicion of a violation of the law and to justify a "Terry-type" stop are much less than those required to prove guilt beyond a reasonable doubt at trial. The defendant's acquittal of the traffic violation therefore does not render the stop invalid or serve as a means to defeat the driving under the influence conviction, because two different standards of proof are involved. *Branch v. State*, 175 Ga. App. 696 (334 SE2d 24) (1985).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 10, 1986.

*William S. Cowsert*, for appellant.
*Ken Stula, Solicitor, Kent Lawrence, Assistant Solicitor*, for appellee.