A92A1320. BAILEY v. BARTEE et al.
(422 SE2d 319)

BIRDSONG, Presiding Judge.

This is an appeal of the judgment of the superior court upholding the verdict of the jury entered in favor of appellees/defendants, and of the denial of appellant's motion for new trial. Issues unrelated to this appeal previously were addressed in the companion case of *Bailey v. Hall*, 199 Ga. App. 602 (405 SE2d 579).

This case arises out of a collision at an intersection controlled by a traffic signal, between a vehicle driven by appellant's former husband in which appellant was a passenger and a vehicle driven by appellee Roger Bartee. *Held*:

1. Appellant asserts the trial court erred by failing to instruct the jury regarding the provisions of OCGA § 40-6-71, pertaining to vehicles turning left at intersections. The trial court refused to give the requested instruction but did charge the jury as to selected provisions of OCGA §§ 40-6-20 and 40-6-21.

Appellees assert and we agree that pursuant to the precedent of *Corley v. Harris*, 171 Ga. App. 688 (3) (320 SE2d 833), the trial court did not commit instructional error when it charged the jury on OCGA § 40-6-21, rather than on OCGA § 40-6-71. *Corley v. Harris*, supra at 689 (3), holds that the pertinent provisions of OCGA § 40-6-21 "specifically concerns vehicular traffic at intersections regulated by a traffic light," while OCGA § 40-6-71 "pertains to vehicular traffic turning, onto either an alley, private road or drive, or another public road, at

an intersection unregulated by a traffic light"; accordingly, an instruction on OCGA § 40-6-71 is deemed inappropriate in cases, such as the one at bar, involving vehicular traffic turning at an intersection regulated by a traffic light.

Appellant, however, argues that the ruling in *Corley v. Harris*, supra, should be overruled, particularly in light of the subsequent case of *Branch v. State*, 175 Ga. App. 696 (334 SE2d 24). Compare *Thompson v. Hill*, 143 Ga. App. 272 (1), (3) (238 SE2d 271). Appellees argue that this court never addressed the issue raised in the case at bar in *Branch v. State*, supra, and that the reference to OCGA § 40-6-71 in *Branch* was simply dictum. While this court's application of OCGA § 40-6-71 cannot convincingly be explained as dictum, the facts and issues addressed in *Branch* clearly are distinguishable from those in this case. Likewise, we find *Thompson v. Hill*, supra, to be factually distinguishable. *Corley v. Harris*, supra, however, is not distinguishable from the issues or facts confronting us and is therefore deemed to be controlling. Accordingly, we find the trial court did not err in its failure to charge as to the provisions of OCGA § 40-6-71.

While OCGA § 40-6-21 could be drafted to provide express statutory guidance to a prospective turning motorist confronted by a green or steady yellow signal when an approaching automobile is beyond the intersection and yet so close as to constitute an immediate hazard, this is a matter within the prerogative of the General Assembly.

2. Appellant asserts the trial court erred in denying his motion for new trial, as inter alia the jury verdict is contrary to the evidence and contrary to the law as charged by the trial court.

Regarding the asserted failure of the trial court to charge as to OCGA § 40-6-71, see Division 1 above. Appellant has enumerated no other charging errors.

Appellant argues inter alia that the record fails to establish a lack of negligence on the part of Roger Bartee as to the manner in which he attempted to negotiate the left turn. The burden of proof rested upon appellant/plaintiff; by its verdict the jury inherently concluded appellant failed to carry its burden in the manner required by law and as addressed in the charges of the trial court. The record establishes that at the time and place of the accident the streets were wet and the speed limit was 25 miles per hour. Ms. Benton, a witness who was in the car directly behind Roger Bartee, testified that "we pulled up to the intersection and the light was green, and Mr. Bartee went out into the intersection and . . . was waiting for oncoming traffic. When the light turned yellow, Mr. Bartee waited until the . . . oncoming traffic stopped, and then he proceeded to turn left onto Slappey Boulevard. . . . A car came very fast . . . from Pine onto Dawson Road, and struck Mr. Bartee on the right side of his car." Appellant testified that she was reading a book as the car driven by her husband

approached the intersection, and that she looked up and saw Mr. Bartee's car right in front of them only after her husband warned: "Hold on." Mr. Bartee testified that after he stopped in the intersection and the opposing traffic had stopped and come to a halt, he could see three or four car lengths down the northernmost lane and could see nothing coming as he began to make his turn. Mr. Hall, appellant's former husband, testified he was driving "roughly" 37-38 miles per hour as he approached the intersection, he could not see Mr. Bartee sitting in the intersection, and he did not see Mr. Bartee's car "until he pulled out." Mr. Black, who was the second car back in another lane traveling in the same direction as Mr. Hall, testified that the Hall car passed him going about 40 miles per hour and he realized Hall's car was going to strike the Bartee car, which was then appearing to be making a left turn. Thus, for example, the jury could reasonably infer from Mr. Hall's testimony, coupled with the testimony of Mr. Bartee, that it was physically impossible for the drivers of these two cars to see each other until after Mr. Bartee's car had already "pulled out" to negotiate the turn.

Issues of negligence, including, when applicable, the related issues of assumption of the risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, ordinarily are matters to be resolved before a jury. See *Thompson v. Crownover*, 259 Ga. 126 (5) (377 SE2d 660); *Soto v. Roswell Townhomes*, 183 Ga. App. 286, 288 (358 SE2d 670). Based on the posture of this record, we cannot find as a matter of law that Roger Bartee was negligent. The issue of his negligence clearly was contested, and the jury is the exclusive arbiters of contested questions of fact. *Taylor v. State*, 2 Ga. App. 723, 729 (59 SE 12) (province of jury as exclusive arbiters of fact is holy ground). An appellate court does not weigh the evidence, but determines sufficiency; neither does it determine witness credibility. *Locke v. Vonalt*, 189 Ga. App. 783, 785 (1) (377 SE2d 696); *Horney v. Lawrence*, 189 Ga. App. 376 (3) (375 SE2d 629). Moreover, "[o]n appeal an appellate court is bound to construe the evidence in support of the verdict and judgment [and every permissible presumption and inference must be drawn in favor thereof; and, after apply the foregoing rule], if there is some evidence to support the verdict we will uphold the judgment." *Locke v. Vonalt*, supra; *Worn v. Sea-Cold Svcs.*, 135 Ga. App. 256 (3) (217 SE2d 425). There exists such competent evidence of record in this case.

*Judgment affirmed. Andrews, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I do not agree with the statement in *Corley v. Harris*, 171 Ga.

App. 688, 689 (3) (320 SE2d 833) (1984), limiting the applicability of OCGA § 40-6-71, insofar as intersections are concerned, only to those unregulated by a traffic light.

By giving charge OCGA § 40-6-21 (a) (1) (A) verbatim, the court instructed the jury that traffic turning right or left on a green signal "shall yield the right of way to other vehicles." The court also charged, substantially verbatim, subsections (2) (A) and (3) (A) to describe the meaning of a steady circular yellow signal and a steady circular red signal.

Neither of those mention turns or the right-of-way. As stated in the majority opinion, the evidence was that Bartee was executing the turn on a yellow signal. As instructed by the court, yellow warns traffic that green is being terminated or that red follows immediately "when vehicular traffic shall not enter the intersection."

The purpose of OCGA § 40-6-21 is to designate the meaning of colors displayed in traffic lights so as to control vehicular movement. Its primary focus is not on the specific standard when one is turning left but merely says that traffic proceeding straight ahead or turning right or left shall yield the right-of-way. OCGA § 40-6-71 expressly governs vehicles turning left. It includes those within an intersection and describes more particularly to which vehicles the right-of-way must be yielded, i.e., those "within the intersection or so close thereto as to constitute an immediate hazard." It does not limit this only to intersections "unregulated by a traffic light," a limitation imported into the statute by the court in *Corley.*

The word "intersection" does not need further amplification by the legislature, as the majority suggests, in order to embrace intersections uncontrolled by any traffic device or signal, intersections controlled by stop or yield signs, and/or intersections controlled by traffic lights. "Intersection," without words to modify it, includes them all. It applies to vehicles turning left on a green light, particularizing what is meant by "the right of way" in OCGA § 40-6-21 (a) (1) (A), and to vehicles (such as Bartee's) turning left on a yellow light, which OCGA § 40-6-21 (a) (2) (A) does not even address.

*Branch v. State,* 175 Ga. App. 696 (334 SE2d 24) (1985), applied OCGA § 40-6-71 to a vehicle turning left at a green light at the same time an oncoming vehicle made a left turn. This was the foundation for an officer's reasonable articulable suspicion of wrongdoing to justify a stop. The "wrongdoing" suspected was a violation of OCGA § 40-6-71. That decision is not distinguishable in the relevant aspect from this case. Nor is there a relevant factual distinction between this case and *Thompson v. Hill,* 143 Ga. App. 272 (238 SE2d 271) (1977). The court applied the predecessor to OCGA § 40-6-71 to a left turn at a traffic-light controlled intersection.

Appellant enumerates as error the failure to give in charge OCGA

§ 40-6-71. It does not appear that the court "refused," as the majority states, but it did fail to do so. After the jury was charged, appellant stated that he had requested this charge and that he did not hear it given. The court responded that it gave everything gone over the day before, in what apparently was the charge conference, and did not know whether it gave this charge or not. Neither did appellant. That is where the matter was left. Appellant did not request that the charge be reviewed to be sure it was included but rather merely left the matter unresolved. For this reason, I conclude that appellant abandoned his objection. See generally *Dempsey v. State*, 162 Ga. App. 390 (2) (291 SE2d 449) (1982).

DECIDED SEPTEMBER 11, 1992.

*Beauchamp & Associates, William Eckhardt*, for appellant.
*Cannon & Meyer Von Bremen, William E. Cannon, Jr., Michael S. Meyer Von Bremen*, for appellees.