A98A0031. WORTHY et al. v. KENDALL et al.

(501 SE2d 515)

POPE, Presiding Judge.

Betty and Fred Worthy sued Matthews and Johnny Kendall for personal injury and loss of consortium resulting from an automobile accident.[1] A jury found for the Kendalls, and the Worthys appeal. In their sole enumeration of error, supported by a brief excerpt from the transcript, they claim that the court's errors allowed persons insured by the Kendalls' insurance carrier to remain on the jury.

In qualifying the jury, the court asked whether any member of the venire was an employee, policyholder, or agent of "State Farm Insurance Company," or related to an employee, policyholder, or agent. The record shows that several prospective jurors responded affirmatively, although it does not show whether those persons were dismissed for cause. Before the attorneys began individual voir dire, defense counsel requested a bench conference. He asked that the court direct the Worthys' attorney to refrain from mentioning State Farm again, as the jury had already been qualified on that issue. The Worthys' attorney responded that "Mr. William McDaniel [a venireman] back there has State Farm [automobile] insurance, and he's sitting on the jury. . . . This is the information that was gathered. Vickie Hayes has got State Farm." The court responded that those prospective jurors did not respond affirmatively to the question, and

---

[1] This is the second time this case has appeared before the court. In *Worthy v. Kendall*, 222 Ga. App. 324 (474 SE2d 627) (1996) we reversed a jury verdict in favor of the plaintiffs.

that the court would "have to assume they understood it." Counsel for the Worthys continued, "Well, Judge, I can't do anything but bring it to your attention, sir. And I know there's two people sitting on the jury that have State Farm insurance." The trial judge again stated that he knew of no reason the venire would not have understood or heard the question and said he would assume they did understand. The Worthys' attorney responded, "Okay," and the bench conference ended. The Worthys have provided this Court with no additional transcript of the voir dire or trial proceedings.

1. The Worthys claim that once their attorney informed the court that he believed prospective jurors McDaniel and Hayes had not answered correctly the insurance qualifying question, the court was required to either ask the jury that question again or allow the Worthys' attorney to reiterate the question. We disagree.

Generally, the scope of voir dire is left to the trial court's discretion. *Corley v. Harris*, 171 Ga. App. 688 (1) (320 SE2d 833) (1984). As *Corley* held, after a court has qualified the venire regarding insurance, the court may properly "refuse[ ] appellant's counsel's request to ask the same question of each individual prospective juror, because of the danger of prejudicially impressing upon the jurors the fact that the defendant had liability insurance." Id. Accord *Weatherbee v. Hutcheson*, 114 Ga. App. 761, 766-767 (4) (152 SE2d 715) (1966).

The Worthys contend that this additional questioning was demanded because their attorney raised the claim that two members of the venire had not responded correctly. But as the transcript reflects, the trial judge had no reason — other than the attorney's statement — to believe McDaniel or Hayes did not answer truthfully. Plaintiffs' counsel gave him no evidence showing that McDaniel, Hayes, or any other member of the venire had failed to give a correct response. Neither did counsel provide the court any factual basis for his belief. See *Jennings v. Autry*, 94 Ga. App. 344, 346 (8) (94 SE2d 629) (1956) (attorney presented no evidence showing why he suspected venireman was disqualified to serve). McDaniel and Hayes were later dismissed via peremptory strikes, and nowhere in the record is there evidence that they gave incorrect responses. A trial judge should make every effort to ensure jurors are qualified to serve. But under the circumstances of this case, given that no *facts* were provided to show the need for further inquiry, the court did not err by assuming that its question was sufficient to purge the panel of those connected with State Farm. Accord *Page v. Janko*, 200 Ga. App. 547, 548 (1) (409 SE2d 48) (1991) ("A challenge to the poll or a motion to disqualify jurors must be supported by evidence if the presumption of their qualification and impartiality is to be rebutted." (Citation and punctuation omitted.)). Therefore, the court did not abuse its discre-

tion when it refused further questioning on this issue.

2. The Worthys further contend that they are entitled to a new trial because several of the jurors who decided the case were, in fact, State Farm policyholders. In the lower court, the Worthys sought to prove this allegation in their motion for new trial by presenting the affidavits of five members of the jury. Each juror averred that he or she was, at the time of the trial, "insured under an automobile policy issued by State Farm Mutual Automobile Insurance Company." None, however, explained their failure to respond affirmatively to the court's voir dire question on this issue.

We find no grounds for reversal. Although "counsel are entitled to have truthful answers given to questions propounded to jurors[,] . . . [n]evertheless, a rule restricting an attack on the integrity of the jury is mandated in OCGA § 9-10-9. It permits affidavits of jurors to sustain but not to impeach their verdict. . . . While allegations that a juror gave untruthful answers to questions propounded on voir dire furnish a valid basis for reversal, such averments must be supported by evidence of probative value." (Citations and punctuation omitted.) *Fidelity Nat. Bank v. Jeffrey M. Kneller, P. C.*, 194 Ga. App. 55, 59 (1) (390 SE2d 55) (1989). Here, "[t]he only evidence as to the alleged disqualification of [the] juror[s] was [the] affidavit[s] of the juror[s themselves], and it is well settled that a juror will not be heard to impeach his verdict by showing his own incompetency or disqualification." (Citation and punctuation omitted.) *Moore v. Keller*, 153 Ga. App. 651 (266 SE2d 325) (1980). See also *Swift v. S. S. Kresge Co.*, 159 Ga. App. 571, 572 (1) (284 SE2d 74) (1981); *Pinkston v. Hagin*, 157 Ga. App. 2 (1) (276 SE2d 67) (1981).

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED APRIL 2, 1998 —
RECONSIDERATION DENIED MAY 12, 1998 —

*Richard T. Bridges*, for appellants.
*Alan W. Connell*, for appellees.