A09A0791. DAVENPORT et al. v. YAWN et al.
(678 SE2d 148)

BLACKBURN, Presiding Judge.

This personal injury action arises out of a collision between an automobile owned and driven by Amy Lee Davenport and a truck owned by Wall Timber Products, Inc. and driven by its employee, Vance Yawn. Following trial, a jury returned a verdict against plaintiffs Mrs. Davenport and her husband, William Davenport, finding that defendants Yawn and his employer were not liable for the collision. The Davenports now appeal from the trial court's denial of their motion for a new trial, claiming: (1) that the trial court erred in allowing defense counsel to make statements in his closing argument that were unsupported by any evidence; and (2) that the verdict was contrary to the evidence. Discerning no error, we affirm.

Viewed in the light most favorable to the verdict, *Bailey v. Bartee*,[1] the evidence shows that on June 24, 2004, Mrs. Davenport was driving her car in the far, right lane of Coffee Street (Highway 341) in Hazelhurst, en route to a local convenience store. A tractor-trailer owned by Wall and driven by Yawn was driving behind Mrs. Davenport in the same lane. Approximately 75 feet before the entrance to the convenience store, Coffee Street intersects with Miller Street (the "Miller Street intersection"). At the time of the accident, a police officer was stopped at that intersection, waiting to turn right onto Coffee Street.

Mrs. Davenport testified that she did not activate her turn signal until she reached the Miller Street intersection, because she did not want to "confuse" the police officer stopped there — i.e., she did not want the officer to think that she was planning to turn onto Miller Street. As she reached the intersection, Mrs. Davenport again applied her brakes, then began to make the right turn into the convenience store, and was hit from behind by the tractor-trailer. Mrs. Davenport estimated that she was traveling at approximately 25 miles per hour at the time of the collision.

Yawn testified that he first saw Mrs. Davenport's brake lights and turn signal at about "the same time," as Mrs. Davenport drove through the Miller Street intersection. The officer stopped at the Miller Street intersection witnessed the accident and was also the officer who responded to the scene. The officer testified that he saw Mrs. Davenport's brake lights come on after she had passed him in the Miller Street intersection but that he did not personally see Mrs. Davenport's turn signal. According to the officer, the truck struck Mrs. Davenport almost immediately after her brake lights came on. Following the accident, Yawn told the officer that he saw Mrs. Davenport's turn signal but "that he was just so close that he could not stop." The officer cited Yawn for following too closely, and Yawn did not challenge the charge but instead paid the fine resulting from the ticket.

Neither Yawn nor Wall presented any evidence at trial. During closing, their attorney argued that Mrs. Davenport did not apply her brakes or activate her turn signal until just after she passed through the Miller Street intersection, and less than 75 feet before the entrance to the convenience store. Therefore, defense counsel argued, she failed to give Yawn enough warning to allow him to avoid the collision, and this failure either contributed to or caused the accident.

The Davenports' attorney objected to this argument on the

---

[1] *Bailey v. Bartee*, 205 Ga. App. 463, 465 (2) (422 SE2d 319) (1992).

grounds that all the evidence showed that Mrs. Davenport applied her brakes and activated her turn signal while in the intersection, not after she passed through the same. The trial court overruled the objection, noting that defense counsel could "argue any reasonable hypothesis from the evidence presented" and that the evidence supported the inference that Mrs. Davenport did not begin to slow down or signal her intent to turn until she had passed through the Miller Street intersection.

After the jury returned a verdict in favor of Yawn and Wall, the Davenports filed a motion for a new trial, which was denied. This appeal followed.

1. The Davenports argue that the trial court erred in overruling their objection to defense counsel's closing argument, because that argument assumed facts not in evidence — i.e., that Mrs. Davenport failed to apply her brakes or indicate her intent to turn until after she had passed through the Miller Street intersection. We disagree.

Whether to permit certain arguments by counsel during opening and closing statements is left to the trial court's discretion "and unless some positive injury can be shown by the remarks of counsel, the discretion of the trial judge will not be controlled." *American Employers Ins. Co. v. Johns.*[2] While "[c]ounsel should not go outside the facts appearing in the case and the inferences to be deduced therefrom," he may "upon the facts in the record, and upon the deductions he may choose to draw therefrom, . . . make almost any form of argument he desires." (Punctuation omitted.) *Dickens v. Adams.*[3]

Here, as the trial court noted, there was evidence from which the jury could infer that Mrs. Davenport did not activate her turn signal until she passed the Miller Street intersection. Specifically, Mrs. Davenport testified that she did not want the officer waiting at the stop sign on Miller Street to think she was planning to turn right onto Miller Street, because she feared that might prompt the officer to pull out in front of her. Moreover, Mrs. Davenport stated that she activated her turn signal while moving through the intersection, meaning that the turn signal might not have been visible until she had cleared the intersection. Finally, the officer testified that he saw Mrs. Davenport brake after she had passed him — i.e., after she had gone through the intersection. Combined with Mrs. Davenport's testimony that she applied her brakes and activated her turn signal simultaneously, the officer's statement also supports the conclusion that Mrs. Davenport did not signal her intent to turn until after the

---

[2] *American Employers Ins. Co. v. Johns*, 122 Ga. App. 577, 581 (2) (178 SE2d 207) (1970).

[3] *Dickens v. Adams*, 137 Ga. App. 564, 569 (8) (224 SE2d 468) (1976).

intersection. In light of this evidence, the trial court did not abuse its discretion in overruling the objection to defense counsel's closing argument. See *American Employers Ins. Co.*, supra, 122 Ga. App. at 582 (2) ("[t]rial courts should not restrain counsel so long as their arguments are kept within reasonable and proper bounds, and they should also be careful not to usurp the functions of the jury in accepting or in disregarding what the counsel have to say in their arguments to the jury") (punctuation omitted).

2. Nor do we find any merit in the Davenports' assertion that the evidence was insufficient to support the verdict.

> A trial court may grant a motion for new trial if, in the exercise of its discretion, it finds that a jury's verdict was against the weight of the evidence. However, when a trial court denies such a motion, the appellate court does not have the discretion to grant a new trial on that ground. We can only review the evidence to determine if there is any evidence to support the verdict. The standard of appellate review of the denial of a motion for new trial on the general grounds is essentially the same as that applicable to the denial of a motion for directed verdict or judgment n.o.v. The appellate courts can only set a verdict aside, on evidentiary grounds, as being contrary to law in that it lacks any evidence by which it could be supported.

(Citations and punctuation omitted.) *Cook v. Huff*.[4]

Here, some evidence showed that Mrs. Davenport did not apply her brakes or activate her turn signal until she was exiting the Miller Street intersection — i.e., until, at most, 75 feet before the entrance to the convenience store. Given that Mrs. Davenport was driving on a state highway with a speed limit of 45 miles per hour (or 66 feet per second), this evidence would support a finding that she was negligent in failing to provide Yawn with adequate warning of her impending turn. See *Atlanta Coca-Cola Bottling Co. v. Jones*[5] (under Georgia law "[t]he driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to following vehicles of his intention so to do") (punctuation omitted). Accordingly, we cannot find as a matter of law that she was entitled to a verdict in her favor. Id. at 451 ("[i]n rear-end collision cases the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause. . . . [T]hese issues should

---

[4] *Cook v. Huff*, 274 Ga. 186 (1) (552 SE2d 83) (2001).
[5] *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 450 (224 SE2d 25) (1976).

be resolved, except in the very rare cases . . . , by the jury and not by trial and appellate judges"). See also *Minter v. Leary*;[6] *Nelson v. Miller*.[7]

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED MAY 5, 2009 ▬▬▬▬

*Spiva, Lewis, Owens & Mulherin, Howard E. Spiva, Cecil C. Davis, William C. Porter II*, for appellants.
*Smart & Harris, Don Smart*, for appellees.

