## S91A0130. DISMUKE v. THE STATE.

(403 SE2d 812)

SMITH, Presiding Justice.

The appellant, Marvin Dewayne Dismuke, shot and killed Francisco Luna at Pop's Game Room in Moultrie, Georgia. An exchange of words escalated into a confrontation in which Dismuke initially wielded a pool cue, and the victim wielded a chair. It ended when Dismuke shot the victim with a .25 caliber handgun. The victim apparently was not armed with a firearm or a knife, although a knife was recovered from a trash can. The investigating officers recovered the murder weapon from Maul's Pond, where Peggy Hunter had thrown it at the request of Dismuke. The victim died of a single gunshot wound to his head. The appellant was convicted of felony murder and sentenced to life imprisonment.[1] We affirm.

1. The appellant contends that the evidence presented was insufficient to support a verdict of felony murder as required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The Court does not weigh or resolve conflicts in trial testimony when the sufficiency of the evidence is challenged. *Booker v. State*, 257 Ga. 37 (354 SE2d 425) (1987). The Court determines whether the evidence presented was sufficient to permit a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, supra. In arriving at this conclusion, the Court considers the evidence in a light most favorable to the verdict. *Adams v. State*, 255 Ga. 356 (338 SE2d 860) (1986). Applying the law, as set out above, to the facts of this case, we find no error.

2. Appellant charges in his second enumeration of error that the court's instructions on felony murder were neither correct nor complete.

The court's charge substantially followed the language of the statute and was legally sufficient. *Johnston v. State*, 232 Ga. 268, 272 (5) (206 SE2d 468) (1974).

3. The trial court is not required to charge on the impeachment of witnesses absent a prior written request. There was no such request. *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976).

*Judgment affirmed. All the Justices concur.*

---

[1] The crime was committed on May 19, 1990. The appellant was indicted on June 28, 1990. The Colquitt County jury found the appellant guilty of felony murder and possession of a firearm during the commission of a crime on August 16, 1990. A motion for new trial was filed on August 30, 1990. That motion was denied on September 25, 1990. The notice of appeal was filed on October 23, 1990 and the transcript was filed in this Court on October 24, 1990. The record was docketed on October 26, 1990 and the case was submitted for decision without oral argument on November 15, 1990.

DECIDED MAY 13, 1991.

Short & Fowler, Larkin M. Fowler, Jr., for appellant.
H. Lamar Cole, District Attorney, Charles M. Stines, Assistant
District Attorney, Michael J. Bowers, Attorney General, for appellee.