## A95A1177. DOLPHUS v. THE STATE.
(462 SE2d 453)

McMurray, Presiding Judge.

In a jury trial, the defendant was found guilty of a single count of robbery by force. The evidence adduced at his jury trial showed that the victim was in his car, stopped at a traffic signal, "when some [person dressed as a] woman just opened the car . . . and jumped in the car and demanded money." The victim at first refused and started to drive away after the light changed. He drove to what he thought was a convenience store, where some people were gathered, "and pulled up to about ten feet of the assailant, and . . . hollered to him, . . . 'Sir can you help me?' And he walked over and leaned in — put his hands up on the car and leaned into the window." The victim asked this man to call the police. Instead, however, this man stated: " 'Well, we'll straighten this out,' " and then wrote something on a piece of paper which he held outside the car window. As the victim looked at it, the assailant "started to punch me, . . . and he said, 'Give me $100.' " The victim started to give the assailant his wallet but withdrew it to get his credit card and driver's license. The assailant "started punching [the victim] again" and grabbed the wallet which contained $35 or $40.

The victim did not know the assailant, had never seen him before, and was unable to identify the assailant. However, an eyewitness did so. Gregory Allen identified defendant, "that young man there[, as the man who] came up, and he went to the car where they was [sic], and he started reaching inside the car." The victim "kept trying to fight [defendant] off, but after a few minutes, that young man there hauled off and hit him about two or three times and snatched his wallet and took the money out, throwed [sic] the wallet back in." Lewis A. Quindae III, a forensic latent print examiner for the Georgia Bureau of Investigation, identified State's Exhibit 2 as the latent palm print "coming from a driver's side door of [the victim's] Toyota Corolla, tag number WVK 234." He compared that latent print to State's Exhibit 1, a standard fingerprint card containing defendant's finger impressions and palm impressions. In his opinion, the latent print, State's Exhibit 2, "was identified as the right palm prints of [defendant]."

Defendant's motion for new trial was denied, and this appeal followed. *Held*:

In his sole enumeration of error, defendant urges the "trial court erred in failing to grant [his] motion for new trial on the general grounds," in that the identification of the perpetrator is inadequate. He argues that the jury might "not have believed the testimony of [the eyewitness]." He then argues that the State failed to establish that defendant's palm "prints could only have been placed on the car

door at the time of the crime[.]"

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence; moreover an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204); *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381).

"The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. In the case sub judice, evidence that defendant's palm print was on the victim's car, even though the victim did not know defendant and had never seen him, is sufficient to exclude every reasonable hypothesis except that those prints could only have been impressed at the time the crime was committed. *Baxter v. State*, 211 Ga. App. 650 (1) (440 SE2d 72). The eyewitness testimony and forensic opinion evidence adduced at trial were sufficient to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of robbery by force as alleged in the indictment. *Brown v. State*, 214 Ga. App. 733 (1) (449 SE2d 136).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 21, 1995.

*Stanley C. House*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.