A98A0495. KEY v. THE STATE.
(496 SE2d 497)

Judge Harold R. Banke.

Michael Key was convicted of the offenses of trafficking in cocaine, possession of cocaine with intent to distribute, and possession of a firearm by a convicted felon. At sentencing, the possession count merged with the trafficking count. Following the denial of his motion for new trial, Key enumerates three errors.

When agents of the East Metro Drug Enforcement Team executed a search warrant at Key's home, they found 42.6 grams of crack

cocaine in a furnace located directly across the hall from Key's bedroom. Investigators also found a plastic bag with white chunky material, a razor blade in a zip-lock bag, and a set of electronic scales, commonly used in the distribution of cocaine, on top of a china cabinet in the dining room. Officers discovered a handgun and another plastic bag with white chunky material on top of the refrigerator in the kitchen. In the attic, police found a zippered money bag containing several small plastic bags of the kind commonly used in the packaging of cocaine. About two hours before obtaining the search warrant, police had arranged for a confidential informant to call Key to set up a drug purchase. This telephone conversation was recorded and played for the jury at trial. The State presented similar transaction evidence of Key's conviction from a few years earlier in which Key sold crack cocaine from the same residence to an undercover drug agent. *Held*:

1. Key contends that his trial counsel was ineffective for failing to move in limine for the redaction of his name from the transcript of the taped telephone conversation with the informant. To meet his burden of establishing ineffectiveness, Key had to show not only that his trial counsel's performance was deficient but also that but for counsel's deficient performance the outcome of his trial would likely have been different. See *Hightower v. State*, 227 Ga. App. 74, 80 (487 SE2d 646) (1997) (physical precedent only). This Key failed to do.

Key claims that he was unfairly prejudiced by his counsel's failure to object to the State's insertion of his name on the printed transcript of the taped phone conversation without proving that he was, in fact, the person speaking. However, the officer who taped the conversation identified it as the one overheard in his presence and he authenticated the recording as true and accurate. On the tape, the informant asked for the appellant by "Mike" which is Key's first name. The call was made to Key's home telephone number.

At the motion hearing, Key's counsel explained that he had utilized two defense theories, equal access, and the State's failure to prove that it was Key's voice on the recording. Based on that strategy, and believing that the voice on the tape was his client's, he advised Key not to testify. Counsel opted not to dispute the identity issue so that he could argue the point in his closing. Trial tactics and strategy do not equate with ineffectiveness. *Gentry v. State*, 226 Ga. App. 216, 219 (3) (485 SE2d 824) (1997). Under these circumstances, Key failed to show the requisite deficiency and prejudice needed for reversal. *Brewer v. State*, 224 Ga. App. 656, 658 (2) (481 SE2d 608) (1997). The trial court's finding that Key was not denied effective assistance of counsel was not clearly erroneous and must be affirmed. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990).

2. Key contends that the trial court improperly restricted his defense counsel's cross-examination of the State's forensic chemist concerning the quantity of cocaine he analyzed. Although Key claims that the trial court unduly limited his counsel's cross-examination, the record shows otherwise. After initially restricting counsel's inquiry, the court subsequently reconsidered its position and allowed defense counsel to pursue that line of questioning. On further cross-examination, counsel was able to establish the fact that the forensic chemist conducted testing on only a small quantity of the cocaine, a 15 milligram representative sample, from the net total of 51.2 grams. Under these circumstances, we cannot find any abuse of discretion. *Bryant v. State,* 226 Ga. App. 135, 137 (2) (486 SE2d 374) (1997).

3. Key contends that the evidence was insufficient to sustain his convictions. Key claims that the State failed to prove that the voice on the tape belonged to him. Key further contends that four other persons had equal access to the items found in his home. On appeal, the evidence must be viewed in a light most favorable to the verdict and Key no longer enjoys the presumption of innocence. *Dolphus v. State,* 218 Ga. App. 565, 566 (462 SE2d 453) (1995). In essence, Key seeks to have this Court retry his case and weigh the evidence, which we cannot do. *Dismuke v. State,* 261 Ga. 254 (1) (403 SE2d 812) (1991).

The record shows that Key agreed to sell cocaine from his home on the night of the search and had previously conducted a similar residential sale. Pursuant to the execution of the search warrant, officers recovered in excess of 28 grams of cocaine, small plastic baggies, a set of scales, a razor blade, and several bags containing a white chunky substance. A nine mm. pistol was discovered in Key's kitchen. In light of this evidence, a rational trier of fact could have found Key guilty of the offenses of trafficking in cocaine, possession of cocaine with intent to distribute, and possession of a firearm by a convicted felon within the meaning of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Riden v. State,* 226 Ga. App. 245, 246 (1) (486 SE2d 198) (1997).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 27, 1998.

*Lambros & Lambros, Michael G. Lambros,* for appellant.
*Alan A. Cook, District Attorney, William K. Wynne, Jr., Assistant District Attorney,* for appellee.