## A98A1799. BYRD v. THE STATE.
### (511 SE2d 551)

Judge Harold R. Banke.

Reginald Byrd was convicted of robbery by intimidation and aggravated assault with intent to rob. On appeal, he enumerates two errors.

The underlying case arose after the victim, a store clerk, observed Byrd park his car, a blue Mustang, directly in front of the convenience store. Byrd explained to the clerk that he had parked in that unusual manner because his car had a "transmission problem" and he could not back up. After requesting a pack of cigarettes, Byrd suddenly pulled out a knife with a six-inch blade and stuck it in the clerk's ribs. After the clerk complied with Byrd's demand for money and Byrd left, the clerk was able to recall part of the tag number. Three weeks later, at the same store with the same clerk on duty, Byrd returned with a knife to attempt another robbery. When the victim recognized Byrd, he became frightened and started shaking. But when Byrd again brandished a knife and demanded money, the clerk slammed the register shut, fled to the back and held the door shut as Byrd pushed against it. Byrd's vehicle, a white Thunderbird, stalled in the parking lot, enabling the clerk to write down the entire tag number. The clerk testified that he got a good look at the robber and provided a detailed description to police. Based on the partial tag number, investigators learned Byrd's identity. The clerk selected Byrd's photo from a photographic lineup. Although Byrd did not own either vehicle, the State's evidence showed that Byrd had access to

both vehicles during the time frame of the crimes. A witness testified that the Mustang did, in fact, have transmission problems.

1. Byrd contests the sufficiency of the evidence leading to both convictions. He claims that the State's case contained material discrepancies and questionable evidence. Byrd asserts that on the nights of both incidents, he was home with his wife.

On appeal, the evidence must be viewed in the light most favorable to the verdict, and Byrd no longer enjoys the presumption of innocence. *Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995). In essence, Byrd seeks this Court to retry his case, weigh the evidence, and judge the credibility of the witnesses, which we cannot do. *Dismuke v. State*, 261 Ga. 254 (1) (403 SE2d 812) (1991); *Key v. State*, 230 Ga. App. 359, 361 (3) (496 SE2d 497) (1998).

The evidence showed that the victim, who observed Byrd closely and conversed with him, identified Byrd as the robber. The victim's nearly contemporaneous description of the perpetrator and events corresponded to the evidence adduced at trial. A videotape of the second incident was played to the jury as the victim narrated. Witnesses confirmed that Byrd had access to both vehicles used during the crimes. This evidence was sufficient to sustain Byrd's convictions for both offenses within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Raising general grounds, Byrd asserts that the trial court erred in denying his motion for new trial. We disagree. Where only the "general grounds" are raised, there is nothing to review other than the sufficiency of the evidence which we addressed in Division 1. *Martin v. State*, 219 Ga. App. 277, 278 (1) (464 SE2d 872) (1995); see *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JANUARY 28, 1999.

*Carla J. Friend*, for appellant.

*Paul L. Howard, Jr., District Attorney, Myrlin Earle, Bettieanne C. Hart, Assistant District Attorneys*, for appellee.