### A99A0063. IVEY v. THE STATE.
(515 SE2d 193)

Judge Harold R. Banke.

Jermaine Ivey was tried for two counts of aggravated assault and one count of armed robbery. He was acquitted on the aggravated assault charges. Enumerating two errors, Ivey appeals his conviction for armed robbery.

The underlying case arose after the victim and his friend decided to wash the victim's car on their way out of town for the Fourth of

---

July holiday. While the victim was washing his 1996 white Pontiac Grand Prix inside a carwash bay on Covington Highway, a vehicle with four black males pulled into the adjacent bay. His friend became uneasy after "they looked at us like they was [sic] scoping us out." One of the men with his face obscured by a bandanna suddenly came around the corner and pointed a shotgun at them. After the victim heard the assailant cock his weapon, and as his friend thought he heard him command, "[g]ive it up, motherf—er," both men broke away and hid in a ditch next to the carwash. When the victim fled, he left his keys in the ignition because "[a]in't no car worth dying over." Less than a minute later, the victim's friend heard the distinctive sound emitted from the car's dual tail pipes as it roared away. They immediately contacted police from the service station. Within 20 to 35 minutes, the victim was informed that police had recovered his vehicle and "had the guy."

At trial, Officer C. A. Williams testified that while on patrol at just after midnight, he observed two men washing a white Pontiac Grand Prix. A little later, Williams saw the Pontiac proceeding on Covington Highway with its lights off. He made a U-turn to follow the Pontiac so he could tell the driver to turn on his lights. After Williams stopped the vehicle, he received a radio call about a carjacking of a Pontiac from a carwash down the street. Williams arrested Ivey, the driver, on the spot.

During the trial, after beginning its deliberations, the jury posed several questions to the court. First, it inquired, "[c]an a person be guilty of aggravated assault but not be guilty of armed robbery or vice versa?" With the agreement of both sides, the court instructed the jury to consider each count separately. Later, the jury sent another note: "[c]an we see copies of Jury instructions? Specifically, the 'parties to a crime.' We are confused about the laws related to charges." The court provided copies of the pattern charge on parties to a crime and told the jury it would take a while to get copies of the entire charge. After resuming deliberations, the jury sent its final note stating, "[w]e would like the rest of the laws — in Jury instructions. Could this be provided while we take a lunch break?" In response to the trial court's inquiry as to whether the jury wanted the definitions of the various crimes, the foreman twice answered in the affirmative. The court stated, "[w]ell, we'll undertake to have that for you when you get back from lunch." The court then dismissed the jury for lunch. After resuming its deliberations, the jury did not pose any further questions to the court. The record is silent as to whether copies of the entire charge were provided to the jury before it returned its verdict. The defense did not interpose any objection that the jury had not been provided with the complete charge. *Held*:

1. Ivey contends that the trial court erred by failing to provide

the jury with copies of the specific jury instructions which it had requested.

Where a transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed at the trial court level under the provisions of OCGA § 5-6-41 (f). *Burns v. State*, 196 Ga. App. 732 (2) (397 SE2d 19) (1990); *Howe v. State*, 250 Ga. 811, 814 (2) (301 SE2d 280) (1983). Since this was not done in this case, we cannot review this particular issue. See *Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779) (1980). We cannot assume, as Ivey urges, that the trial court did not follow through on its intentions. See *Anderson v. State*, 262 Ga. 26, 28 (3) (413 SE2d 732) (1992) (trial court may provide copies of instructions to jurors).

Where a jury requests further instructions upon a particular phase of a case, the court in its discretion may recharge the jury in full or only upon the point or points requested. *Bowley v. State*, 261 Ga. 278, 280 (3) (404 SE2d 97) (1991). But here, notwithstanding Ivey's claim to the contrary, the transcript does not indicate that the court failed to recharge on any specific legal point that the jury wanted clarified. See *Kimmel v. State*, 261 Ga. 332, 334 (3) (404 SE2d 436) (1991).

2. Ivey contends that the evidence adduced at trial was not sufficient to sustain the verdict. Ivey points out that the victim could not identify him and claims that his custodial statement exonerated him wherein he said that as he was walking alone by the carwash, a man he knew only as "Killer," armed with a shotgun, told him to drive the white Pontiac to an Exxon station.

On appeal, the evidence must be viewed in the light most favorable to the verdict, and Ivey no longer enjoys the presumption of innocence. *Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995). In essence, Ivey seeks this Court to retry his case, reweigh the evidence, and judge the credibility of the witnesses, which we cannot do. *Dismuke v. State*, 261 Ga. 254 (1) (403 SE2d 812) (1991); *Key v. State*, 230 Ga. App. 359, 361 (3) (496 SE2d 497) (1998).

The evidence showed that as the victim was washing his white Pontiac, a black male suddenly pointed a shotgun at him and took the car. Within minutes of that crime, Ivey was arrested driving the victim's car in an area near the carwash. We conclude that a rational trier of fact could have found Ivey guilty beyond a reasonable doubt of the offense of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brown v. State*, 261 Ga. 184 (1) (402 SE2d 725) (1991).

*Judgment affirmed. Beasley, P. J., and Blackburn, J., concur.*

DECIDED MARCH 30, 1999.

*Maryann F. Blend*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Neal C. Scott*, for appellee.