A99A0631. COOK v. THE STATE.
(518 SE2d 749)

Judge Harold R. Banke.

In a bench trial Michael Cook was found guilty of failure to yield. On appeal, Cook enumerates two errors.

The State's evidence showed that Cook, a commercial truck driver, was issued a traffic citation after a collision between his tractor-trailer and a car driven by Princetta Summer. Summer testified that she had a green light for her direction of travel when Cook's 18-wheeler suddenly crashed into her Maxima. According to the investigating officer, who observed the debris, the damage to the vehicles, and conducted interviews at the scene, the collision occurred as Cook was attempting to make a left turn across traffic after hesitating while he had a green arrow. An eyewitness, Covin Foreman, confirmed that after a momentary lull in the traffic he watched the tractor-trailer start to make its turn. Both Foreman and another witness attested that the light was green for Summer.

According to Cook, after the light changed to green he began

creeping into the intersection when Summer's car suddenly struck his truck. Cook testified that he never saw her vehicle. Notwithstanding Summer's testimony to the contrary, by Cook's version of events, Summer was at fault for driving unlawfully in an emergency lane on the paved shoulder. *Held*:

1. By asserting that the verdict was contrary to and against the weight of the evidence, Cook, in effect, contests the sufficiency of the evidence. *Stinson v. State*, 185 Ga. App. 543, 544 (364 SE2d 910) (1988). Cook contends that the evidence established that it was Summer, not he, who was the party at fault. In essence, Cook asks this Court to retry his case, reweigh the evidence, and judge the credibility of the witnesses, which we cannot do. *Dismuke v. State*, 261 Ga. 254 (1) (403 SE2d 812) (1991); *Key v. State*, 230 Ga. App. 359, 361 (3) (496 SE2d 497) (1998).

Having reviewed the evidence in a light most favorable to the verdict as we must, we find that a rational trier of fact could have determined that Cook failed to yield the right of way while making a left turn. *Pollard v. State*, 230 Ga. App. 159 (495 SE2d 629) (1998). The evidence adduced at trial was sufficient within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to sustain Cook's conviction for violating OCGA § 40-6-71.

2. Cook contends that the trial court abused its discretion in denying his motion for new trial. After the trial, Cook's counsel learned about a set of 30 photographs taken by an investigator hired by an insurance company. Subsequently, Cook moved for a new trial asserting, inter alia, newly discovered evidence material to his defense.

At the motion hearing, counsel admitted that all of the photographs had been in existence at the time of trial. Additionally, counsel could not explain for the record why if photographs of the scene had been so essential, he did not take and submit his own photos. The court determined that Cook failed to sustain his burden of showing due diligence in obtaining the photographs prior to trial since the photographs were available had he sought them. The court noted, "That's a lack of diligence. That's not newly discovered evidence. That's evidence you failed to go and collect."

To obtain a new trial based on newly discovered evidence, one must satisfy six requirements, including establishing that the failure to timely acquire this evidence was not attributable to a lack of due diligence and also showing that the new evidence was so material that it would likely have produced a different result. *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980); *Alexander v. State*, 186 Ga. App. 787, 790 (4) (368 SE2d 550) (1988). Merely asserting that the evidence could not have been discovered by ordinary diligence is not sufficient. *Mills v. State*, 193 Ga. 139, 147 (1) (17 SE2d

719) (1941).

Here, Cook offered no legally cognizable explanation for his belated discovery of the photographs. Nor did Cook establish that the photographs were so essential to his case that their admission would likely have produced a different outcome. See *Chapel v. State*, 270 Ga. 151, 153 (2) (510 SE2d 802) (1998). Plainly, the trial court did not abuse its discretion in refusing to grant the motion for new trial. *Brown v. State*, 209 Ga. App. 314, 316 (2) (433 SE2d 321) (1993).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 28, 1999.

Allan E. Alberga, for appellant.

Carmen Smith, Solicitor, Bobby D. Gardner, Jr., Jody L. Peskin, Assistant Solicitors, for appellee.