A01A2227. PASSMORE et al. v. THE STATE.*
(561 SE2d 123)

ANDREWS, Presiding Judge.
Ronnie Passmore and Ronnie Parker appeal from the judgment entered after a bench trial in which they were found guilty of hunting from a motor vehicle and hunting from a public road. They claim the evidence was insufficient to support the verdict. We disagree and affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the [defendant] no longer enjoys the presumption of innocence; moreover[,] an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of

---

* Originally issued as an unpublished opinion, this opinion is now published by order dated April 1, 2002.

*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)].

*Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995).

Viewed in this light, the evidence at trial was as follows. Passmore and Parker were driving down the road when they saw a deer in a field. Passmore turned the truck around and drove back to the point where they had seen the deer. Parker got out and went into the field to shoot the deer. He shot the deer and saw it fall, but was unable to find the deer.

OCGA § 27-3-10 provides: "It shall be unlawful for any person to hunt, with or without dogs, any wildlife upon any public road in this state. It shall also be unlawful for any person while hunting to discharge any weapon from or across any public road in this state."

OCGA § 27-3-13 provides: "It shall be unlawful to hunt any wildlife or feral hog from an electric, gas, or diesel boat, a steamboat, a sailboat, an airplane, a hydroplane, a hovercraft, or a motor vehicle."

Passmore and Parker argue on appeal that the State presented no evidence that they were hunting upon a public road or from a motor vehicle. They claim that the evidence showed only that they drove by a field, saw a deer, and turned around and drove back to the field to shoot the deer. And, this, without more, does not prove any element of the statute. They cite to no authority in support of this argument, and we find none.

Under OCGA § 27-1-2 (39), " 'Hunting' means pursuing, shooting, killing, taking, or capturing wildlife or feral hogs. This term also includes acts such as placing, setting, drawing, or using any device used to take wildlife or feral hogs, whether any such act results in taking or not, and includes every act of assistance to any person in taking or attempting to take such wildlife or feral hogs."

At the time Passmore turned the truck around and went back to the field so that Parker could shoot the deer, they were "pursuing" the deer and they were doing this upon a public highway and from a motor vehicle. The evidence was sufficient to support the verdict. *Jackson v. Virginia*, supra.

*Judgment affirmed. Miller, J., concurs. Eldridge, J., concurs in the judgment only.*

DECIDED DECEMBER 19, 2001.

*Whitmer & Law, George H. Law III*, for appellants.
*Donald E. Moore, Solicitor-General*, for appellee.