## A02A1714. NOLAN v. THE STATE.
### (572 SE2d 100)

MILLER, Judge.

Emily Nolan was struck by an oncoming vehicle when she made a left turn in front of that vehicle. She was cited for failing to yield the right of way and pled not guilty. Following a bench trial, she was found guilty. She appeals, claiming the evidence was insufficient because the other driver admitted to running the stoplight at the intersection. We disagree and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the [trier of fact] to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case," the verdict will be upheld. (Citations and punctuation omitted.) *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997).

OCGA § 40-6-71 provides: "The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard." Here the oncoming driver testified that as he approached the yellow light at an intersection, Nolan turned left in front of him, causing a collision of their vehicles. Nolan herself testified that she saw the oncoming driver and, believing he was going to stop, turned left in front of him, resulting in the collision. The evidence sufficed to sustain the conviction. See *Cook v. State*, 238 Ga. App. 341, 342 (1) (518 SE2d 749) (1999).

Nolan maintains that because the oncoming driver pled guilty to running the stoplight at the intersection, she could not be found guilty of failing to yield the right of way, as such would be inconsistent. Assuming such were inconsistent, the fact that the court accepts a guilty plea from one defendant that is inconsistent with a guilty verdict against another defendant does not preclude the guilty verdict. Cf. *Young v. State*, 246 Ga. App. 651, 652-653 (1) (541 SE2d 670) (2000).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 8, 2002.

*Stites & Harbison, J. D. Humphries III,* for appellant.
*Joseph J. Drolet, Solicitor-General, Richard R. Burris III, Assistant Solicitor-General,* for appellee.