## A04A0053. GLASS v. THE STATE.
(598 SE2d 857)

SMITH, Chief Judge.

Following a bench trial in the City Court of Atlanta, David John Glass was convicted of the offense of failure to yield to a pedestrian (OCGA § 40-6-91 (a)). He was granted leave to file an out-of-time appeal, and he appeals from the judgment of conviction and sentence entered against him. We find no error, and we affirm.

1. In two enumerations, Glass challenges the sufficiency of the evidence, argues that the trial court "attempt[ed] to resolve unresolvable conflicts in the witness testimony," and argues that the trial court "preclude[d] an evaluation of witness credibility."

Construed in favor of the verdict, the evidence shows that the victim was walking northbound in the crosswalk at the intersection of Peachtree Street and 14th Street in the City of Atlanta when he was struck by the vehicle driven by Glass. Glass had also been traveling northbound on Peachtree Street and was turning left onto 14th Street when the incident occurred. The victim testified that he entered the intersection when the pedestrian crossing signal indicated that he could begin crossing the street. He stated that he was in the habit of looking both at the pedestrian signal as well as the traffic light at the intersection, and that at the time of the incident, before he stepped into the crosswalk, "the turning signal to turn left onto 14th Street had gone out and that's when the white pedestrian light came on and I proceeded to cross the street." He was struck from behind by Glass's vehicle just before he reached the curb on the opposite side of the street.

Glass testified that he was traveling northbound on Peachtree and was turning left onto 14th Street. He stated that no vehicles were in front of him and that he "had a solid green light with a green arrow. And as I approached about halfway through the turning lane it changed to a yellow arrow and I proceeded through and I struck [the victim] on the left side of my vehicle just after making the turn." The left side of Glass's vehicle hit the right side of the victim's body. He saw the victim only "milliseconds" before he hit him.

OCGA § 40-6-91 (a) provides:

The driver of a vehicle shall stop and remain stopped to allow a pedestrian to cross the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching and is within one lane of the half of the roadway on which the vehicle is traveling or onto which it is turning. For the purposes of this subsection, "half of the roadway" means all traffic lanes carrying traffic in one direction of travel.

Ample evidence was presented showing that the victim was in the crosswalk, that the victim and Glass's vehicle were on the same "half of the roadway" when the incident occurred, and that Glass did not yield to the victim. To the extent that the evidence was conflicting or that issues arose concerning witness credibility, it is axiomatic that "[i]n a bench trial, the trial court weighs the evidence and determines the credibility of witnesses." (Citation and footnote omitted.) *Matheson v. State*, 249 Ga. App. 200, 201 (1) (547 SE2d 774) (2001). Any rational trier of fact could have found Glass guilty of the offense charged under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In a separate enumeration, which he characterizes as an "arguably more significant" contention, Glass argues that OCGA § 40-6-91 (a) "applies only to crosswalks which are not governed by pedestrian-control signals" and therefore does not apply to this case. We do not agree. The statute itself is not so narrowly drafted; it broadly and clearly provides that a driver must stop and remain stopped to allow a pedestrian in a crosswalk to cross the road, if the pedestrian meets certain conditions. "The cardinal rule of statutory interpretation is to look to the intent of the General Assembly. [Cit.]" *State v. Griffin*, 268 Ga. 540, 542 (491 SE2d 340) (1997). OCGA § 40-6-91 (c) explicitly recites that subsection (a) is inapplicable under the conditions set out in OCGA § 40-6-92 (b) concerning pedestrian tunnels and overhead pedestrian crossings. If the legislature had intended for subsection (a) to apply only in the absence of

pedestrian crossing signals, it could have demonstrated this intent in a similar fashion. See generally *Law v. State*, 251 Ga. 525, 528 (2) (307 SE2d 904) (1983).

In support of his argument that OCGA § 40-6-91 (a) is not applicable here, Glass cites *Gaffron v. MARTA*, 229 Ga. App. 426 (494 SE2d 54) (1997). The facts of *Gaffron* are similar to those here; the plaintiff in that case was struck by a moving vehicle as she crossed an intersection with a pedestrian crossing signal. We stated that the case was "governed by OCGA § 40-6-22," and that this Code section "was specifically drafted by the legislature to deal with intersections which have pedestrian-control signals. The statute grants pedestrians the right of way when they cross the street in accordance with the signals." Id. at 427.

*Gaffron* is not controlling here. As pointed out by the State, OCGA § 40-6-22, read in conjunction with OCGA § 40-6-21, "simply explain[s] the meanings of various traffic signals, including red lights and pedestrian movement indicators." And in *Gaffron*, our statements regarding the applicability of OCGA § 40-6-22 were made in the context of our discussion concerning a pedestrian's duties when entering and moving through a crosswalk.[1] The fact that OCGA § 40-6-22 "governed" the issue of the plaintiff's contributory negligence in that *civil* case is irrelevant to the question of whether a *criminal* defendant was charged under the appropriate statute. As found by the trial court, OCGA § 40-6-91 "fits this case to a 'T.' "

Finally, we note that to the extent Glass's argument that he was charged under the wrong Code section constitutes an attack on the charging instrument, he has waived that contention by failing to file a demurrer or motion to quash. See generally *Slinkard v. State*, 259 Ga. App. 755 (1) (577 SE2d 825) (2003); *McKay v. State*, 234 Ga. App. 556, 560 (2) (507 SE2d 484) (1998).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED APRIL 19, 2004.

*Peevy & Lancaster, Douglas N. Fox*, for appellant.
*Joseph J. Drolet, Solicitor-General, Richard R. Burris III, Assistant Solicitor-General*, for appellee.

---

[1] We note that the victim in this case was not charged with any offense punishable under OCGA § 40-6-22.