A07A1624. PRUITT v. THE STATE.
(656 SE2d 920)

PHIPPS, Judge.

John Danny Pruitt appeals his DUI conviction. He contends that the evidence is insufficient to support the conviction, that he was charged with DUI by a defective instrument, and that the court erred in admitting the testimony of the police officers who arrested him. Finding these claims of error either without merit or waived, we affirm.

The standard of review "is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt."[1]

So viewed, the evidence here showed that sometime after midnight on the date in question Deputy Wendy Pate of the Douglas County Sheriff's Office went to Pruitt's house in response to the report of a dispute between Pruitt and his neighbors. When Pate confronted Pruitt, he exuded an odor of alcoholic beverage, his speech was slurred, his eyes were watery, and he had difficulty standing. Pruitt thus appeared to be intoxicated and, in fact, acknowledged to Pate that he had been drinking. She told him not to drive, he assured her that he would not do so, and she left.

About an hour later, the sheriff's office received a report that Pruitt had been involved in another dispute or altercation with his neighbors and had been seen driving his black Ford Ranger in an intoxicated condition on a roadway. Deputies Pate and Edward Inglett then went to Pruitt's house. Pruitt's wife told them that Pruitt had driven down a dirt road to a lake house behind their primary residence. Pate and Inglett went to the lake house, where they saw the black Ford Ranger parked. When they went to the door, they saw Pruitt asleep on the couch and announced themselves, but Pruitt did not waken. So the officers walked into the lake house to wake him. After they did so, they began questioning him about the altercation and his driving. Pruitt appeared even more intoxicated than before, and he admitted that he had driven the Ford Ranger to the lake house. Inglett, therefore, asked Pruitt if he would submit to field sobriety evaluations. Pruitt agreed, but he said that he would not be able to perform the sobriety exercises very well because he was drunk. Based on Pruitt's performance, Inglett determined that he was under the influence of alcohol to the extent that it was less safe for him to drive and arrested him for DUI. After giving Pruitt implied consent warnings, Inglett took two breath samples with an Intoxilyzer machine shortly after 3:00 a.m. These samples registered respective blood-alcohol concentrations of 0.139 and 0.145.

By uniform traffic citation, Pruitt was charged with "driving under the influence (alcohol)," "in violation of Code Section 40-6-181 (a) (1); (a) (5) of state law," "[l]ess safe; per se." Following a bench trial at which Pruitt represented himself, the court found him "[g]uilty on count(s) 1." With the assistance of an attorney, Pruitt now appeals.

1. We find no merit in Pruitt's challenge to the sufficiency of the evidence.

---

[1] *Thompson v. State*, 277 Ga. 102, 103 (1) (586 SE2d 231) (2003) (punctuation and footnote omitted).

As we interpret the record, the trial court convicted Pruitt of driving under the influence of alcohol to the extent that it was less safe for him to drive.[2] The evidence showed that when Pate first saw Pruitt on the evening in question, he was under the influence of alcohol to the extent that it was less safe for him to drive; that when she saw him about an hour later that evening, he was in an even more inebriated condition; and that, in the interim, he had been driving. This evidence was sufficient to authorize any rational trier of fact to find beyond a reasonable doubt that Pruitt had driven a motor vehicle while under the influence of alcohol to the extent that it was less safe for him to drive.

2. Pruitt complains that the charging instrument was defective because it cited OCGA § 40-6-181 (speeding) rather than OCGA § 40-6-391 (DUI). "[Pruitt's] objection to the improper code citation in the [charging instrument] was a special demurrer, and his failure to challenge [it] before entering his plea constitutes a waiver of his right to be tried on a perfect [charging instrument]."[3]

3. Pruitt complains of the admission of Pate's and Inglett's testimony on the ground that their entry into his dwelling was without authority. This issue was waived, however, by Pruitt's failure to file a motion to suppress.[4]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JANUARY 25, 2008.

*James M. Allison, Jr.*, for appellant.
*Gregory R. Barton, Solicitor-General*, for appellee.

[2] See OCGA § 40-6-391 (a) (1).
[3] *Nye v. State*, 279 Ga. App. 347, 349 (1) (631 SE2d 386) (2006) (citation omitted).
[4] See *State v. Gomez*, 266 Ga. App. 423, 424-425 (1), (2) (597 SE2d 509) (2004).
[1] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).