### A09A0301. ERVIN v. THE STATE.
(680 SE2d 448)

PHIPPS, Judge.

Following a collision between James Ervin's car and a school bus, Ervin was charged with failing to yield while turning left. At a bench trial, the court found Ervin guilty and ordered him to pay $50 in court costs. Ervin challenges the sufficiency of the evidence to support his conviction. Finding the evidence sufficient, we affirm.

> In evaluating the sufficiency of the evidence supporting a conviction, this court must view the evidence in the light most favorable to the [judgment]. The presumption of innocence no longer applies, and we do not weigh evidence or determine witness credibility.[1]

Viewed in the light most favorable to the judgment, the evidence

---

[1] *Meeks v. State*, 281 Ga. App. 334 (636 SE2d 77) (2006) (citation and punctuation omitted).

showed that Ervin approached the intersection of Country Roads Drive and East Atlanta Road, stopped at a stop sign, and began making a left turn onto East Atlanta Road. Before he completed that turn, his car was hit by a school bus traveling on East Atlanta Road at approximately 40 miles per hour. The bus driver testified that she "slammed on [her] brakes" as soon as she saw the car, the bus then veered to the left and hit the car seconds after she first saw it. The officer investigating the collision considered the evidence at the accident scene, the statements of both drivers, and the damage to both vehicles before determining that Ervin had not completed his turn when the collision occurred.

Ervin testified that he saw the oncoming school bus and determined that he had time to turn left safely. He said that he had completed his left turn when the bus traveled into his lane and hit his car. Ervin also presented expert testimony from an accident reconstructionist who opined that the initial point of impact occurred in Ervin's lane, after he had cleared the intersection.

The record indicates that the trial court convicted Ervin of failing to yield to approaching traffic after stopping at a stop sign, which is a violation of OCGA § 40-6-72 (b). That Code section provides that, after stopping at a stop sign,

> the driver shall yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of roadways.

The evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Ervin failed to yield to the school bus when making his left turn.

In addition, Ervin in essence complains that he was charged with the wrong Code section and that his conviction under OCGA § 40-6-72 (b) therefore must be reversed. The accusation charged Ervin with "Failure to Yield Turning Left" and cited a violation of OCGA § 40-6-71. That Code section provides that

> [t]he driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

Ervin points out that this Code section is not applicable because the school bus was not "approaching from the opposite direction." But,

as noted by the trial court, the language in the accusation charging Ervin with a failure to yield turning left could also describe a violation of OCGA § 40-6-72 (b).[2] Because "[Ervin]'s objection to the improper code citation in the charging instrument was a special demurrer, . . . his failure to challenge it before entering his plea constitutes a waiver of his right to be tried on a perfect charging instrument."[3]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED JUNE 2, 2009 —
RECONSIDERATION DENIED JUNE 17, 2009 — 

*Sanford A. Wallack*, for appellant.
*Charles A. Spahos, Solicitor-General, Jefferson F. Upchurch, Assistant Solicitor-General*, for appellee.

---

[2] See *In the Interest of B. C. G.*, 235 Ga. App. 1, 3 (1) (508 SE2d 239) (1998) ("the description of the offense charged prevails over any Code section cited") (citation and punctuation omitted).

[3] *Pruitt v. State*, 289 Ga. App. 307, 309 (2) (656 SE2d 920) (2008) (citation and punctuation omitted); see *Washington v. State*, 283 Ga. App. 570 (1) (642 SE2d 199) (2007) (claim that indictment failed to give notice of crime charged because it cited wrong Code section was waived by failure to file demurrer or motion to quash); *Glass v. State*, 267 Ga. App. 129, 131 (2) (598 SE2d 857) (2004) (to the extent defendant's argument that he was charged under wrong Code section constitutes an attack on the charging instrument, that claim is waived by failure to file demurrer or motion to quash).

