**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and BROWN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**July 11, 2018**

# In the Court of Appeals of Georgia

A18A1022. ODUOK v. THE STATE.

ANDREWS, Judge.

Following a jury trial, Inyang Oduok was convicted of failure to yield the right of way. He appeals pro se, raising numerous claims of error. For the reasons that follow, we affirm.

1. In two enumerated errors, Oduok argues that the evidence was insufficient to support the jury's verdict. On appeal from a criminal conviction, we construe the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. See *Nolan v. State*, 257 Ga. App. 767 (572 SE2d 100) (2002). We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient for the jury to find the defendant guilty beyond a reasonable doubt. See id. As we have explained:

> Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the [jury] to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the verdict will be upheld.

Id. (citations and punctuation omitted).

So viewed, the evidence shows that on February 2, 2016, authorities were called to the scene of a two-vehicle collision at an intersection controlled by a traffic signal in Dekalb County. The responding officer identified Oduok as one of the drivers and took his statement. According to Oduok, he was in the left turn lane just before the collision, waiting to turn left. He commenced his turn when the traffic signal displayed a green left turn arrow, but a car approaching from the opposite direction entered the intersection "trying to beat a yellow [light], traveling straight," and collided with Oduok's vehicle.

Based on his knowledge of the light cycles at the intersection, the responding officer doubted the accuracy of Oduok's account. After further investigation, the officer determined that Oduok had failed to yield while making the left turn and issued him a citation. At that point, Oduok changed his description of events, insisting to the officer that the other driver was "attempting to run a red light."

2

The adverse driver, Tanisha Green, testified at trial that Oduok turned left in front of her as she traveled straight through the intersection on the green light, striking her car. Oduok disputed this testimony, asserting that he was turning left on the green arrow when Green's car "came straight and shot into [his] car." The jury, however, found him guilty of failure to yield the right of way.

Pursuant to OCGA § 40-6-71, "[t]he driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard." The State presented evidence that Oduok turned left at an intersection in front of a car approaching from the opposite direction, causing a collision. Although Oduok asserts that the other driver was at fault, that driver offered contrary testimony, and the jury was authorized to resolve this evidentiary conflict against Oduok. His effort on appeal to characterize the State's witnesses as "highly questionable" essentially asks us "to retry his case, reweigh the evidence, and judge the credibility of the witnesses, which we cannot do." *Cook v. State*, 238 Ga. App. 341, 342 (1) (518 SE2d 749) (1999) (citations omitted). The evidence was sufficient to support the jury's conclusion that

Oduok failed to yield, in violation of OCGA § 40-6-71. See *Nolan*, supra; *Cook*, supra.

2. Oduok further argues that his conviction must be vacated because OCGA § 40-6-71 does not regulate "intersections controlled by a traffic light." According to Oduok, his failure to yield violation should have been charged under OCGA § 40-6-21, rather than OCGA § 40-6-71. He thus contends that the accusation was defective.

As an initial matter, Oduok waived this claim by failing to raise it below through a special demurrer. See *Ervin v. State*, 298 Ga. App. 409, 411 (680 SE2d 448) (2009); *Pruitt v. State*, 289 Ga. App. 307, 309 (2) (656 SE2d 920) (2008). Even absent waiver, however, we find no merit to his claim. The provision cited by Oduok, OCGA § 40-6-21, is a "definitional section" that describes the various traffic signals on the roadway, but does not define a violation of the law. *State v. Nix*, 220 Ga. App. 651, 653 (1) (469 SE2d 497) (1996). Instead, the legislature specifically addressed failure to yield through OCGA § 40-6-71, which by its plain terms requires a driver "intending to turn to the left within an intersection" to yield to oncoming traffic. Nothing in the statutory language restricts its application to intersections without a traffic signal. And we have routinely affirmed convictions under OCGA § 40-6-71 for failure to yield at traffic-light controlled intersections. See *Nolan*, supra; *Cook*, supra.

4

The State properly charged Oduok with failure to yield pursuant to OCGA § 40-6-71. To the extent any language in *Bailey v. Bartee*, 205 Ga. App. 463, 463-464 (1) (422 SE2d 319) (1992) (physical precedent only), or *Corley v. Harris*, 171 Ga. App. 688, 689 (3) (320 SE2d 833) (1984), suggests a different conclusion, that language is disapproved.

3. Again asserting that he was charged under the wrong provision, Oduok claims that the trial court improperly instructed the jury on OCGA § 40-6-71. Given our decision in Division 2, supra, this argument lacks merit.

4. Oduok raises several claims relating to the selection and exclusion of jurors, asserting that race-based motives infected the jury selection process. The trial transcript, however, does not include voir dire, and Oduok has pointed to no evidence that he objected at trial to the jury, its selection, or its overall composition. In fact, his counsel stated after the jury was impaneled that he had no objection to the selection process. Under these circumstances, Oduok's claims of error regarding jury selection have been waived. See *Powell v. State*, 297 Ga. 352, 355 (3) (773 SE2d 762) (2015) ("Inasmuch as no *Batson* challenge or other objection was made below regarding the racial composition of the jury, the issue has been waived for appellate review."); *McDonald v. State*, 296 Ga. 643, 649 (4) (770 SE2d 6) (2015) ("Having made no

challenge to the composition of the jury array at trial, Appellant has waived this objection on appeal.").

5. Next, Oduok argues that the trial court improperly admitted into evidence a police report containing the statement that "'Defendant told [the officer] that Green ran a Yellow light.'" According to Oduok, this statement was inadmissible hearsay that should not have been submitted to the jury. The record shows, however, that the trial court did *not* admit the police report into evidence. It admitted only a diagram of the collision scene, which Oduok does not challenge on appeal. Although the officer testified about Oduok's statement regarding the yellow light, Oduok did not object to this testimony at trial and thus waived any hearsay claim. See OCGA § 24-8-802 ("[I]f a party does not properly object to hearsay, the objection shall be deemed waived, and the hearsay evidence shall be legal evidence and admissible.").

6. Oduok asserts that he is entitled to a new trial because the prosecutor inappropriately communicated with the jury foreman. At the hearing on Oduok's post-trial motions, however, the prosecutor testified that, other than in open court, he had no contact with the jurors during the trial or before the jury reached its verdict. Oduok did not present any contrary evidence at the motion hearing, and the trial court was not required to continue the hearing to subpoena additional witnesses regarding the

6

matter. Accordingly, the trial court properly rejected this claim. See *Meeker v. State*, 282 Ga. App. 77, 81 (5) (637 SE2d 806) (2006) ("As evidence supported the trial court's finding of no [jury] misconduct, we must affirm.").

7. After the trial, Oduok filed a motion seeking clarification that his case had not been closed. The trial court denied the motion, but noted that the case was ongoing and that all parties understood the posture of the proceedings. Although Oduok vaguely challenges this ruling on appeal, he has not demonstrated the harm or error necessary for reversal. See *Parrott v. State*, 330 Ga. App. 801, 803 (1) (769 SE2d 549) (2015) ("It is well settled that the burden is on the appellant who asserts error to show it affirmatively by the record; further, an appellant, in order to secure a reversal, must demonstrate not only error but harm.") (punctuation and footnote omitted).

8. The trial court denied Oduok's numerous post-trial motions in a brief order that did not set forth the reasons underlying the decision. Instead, the order referenced the reasoning orally announced by the trial court at the motions hearing. Oduok now argues that the trial court should have explained its ruling in the written order. But he has cited no authority requiring a detailed written order, and we have found none. See, e.g., *Carr v. State*, 275 Ga. 185, 187-188 (6) (563 SE2d 850) (2002) (trial court

not required to make specific written findings of fact and conclusions of law when denying a motion for new trial).

9. Oduok was sentenced to a $400 fine plus fees (which could be worked off through community service), one year of probation, and completion of a defensive driving course. He challenges the sentence on appeal, characterizing it as "cruel and unusual." The sentence, however, was well within the appropriate range of punishment for the misdemeanor offense at issue here. See OCGA § 40-6-1 (a); OCGA §§ 17-10-3 (a), (b), (d) (2), (d) (4). Moreover, the trial court did not abuse its discretion in imposing general conditions of probation, such as that Oduok violate no criminal laws, report to his probation officer, and not leave the State without permission from the probation supervisor. See OCGA § 17-10-3 (d) (4) (following a misdemeanor conviction, a judge may probate or suspend "all or any part of a penalty upon such terms and conditions as may be prescribed by the judge"); *Pitts v. State*, 231 Ga. App. 9, 11 (498 SE2d 534) (1998) (trial court did not abuse its discretion in imposing conditions of probation).

10. Oduok next argues that he received ineffective assistance of counsel at trial. To prevail on this claim, Oduok must "prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have

8

been different if not for the deficient performance." *Clements v. State*, 301 Ga. 267, 270 (3) (800 SE2d 552) (2017). He cannot meet this burden.

(a) Oduok first claims that trial counsel should have moved to dismiss the case on the ground that OCGA § 40-6-71 was the "wrong charge." However, as discussed in Division 2, supra, the State properly charged Oduok with failure to yield pursuant to OCGA § 40-6-71. Trial counsel was not required to make the meritless motion advocated by Oduok. See *Hampton v. State*, 295 Ga. 665, 670 (2) (763 SE2d 467) (2014) (trial counsel's failure to make meritless motion or objection will not support ineffective assistance of counsel claim).

(b) Oduok further argues that trial counsel failed to conduct a proper pretrial investigation. But Oduok neglected to call trial counsel as a witness at the hearing on his motion for new trial, so we do not know what type of preparation or investigation counsel performed. Although Oduok speculates on appeal about what could have been discovered, he offered no *evidence* that counsel's pretrial preparation was deficient and thus failed to support his ineffective assistance claim. See *Morgan v. State*, 276 Ga. 72, 77 (9) (575 SE2d 468) (2003) ("Where trial counsel does not testify at the motion for new trial hearing, it is extremely difficult to overcome . . . presumption" that counsel's assistance falls within wide range of reasonable professional conduct.).

9

(c) Oduok complains that trial counsel should have challenged the composition of the jury at trial. But "a defendant is not constitutionally entitled to a jury venire of any particular composition." *Clements*, supra, at 271 (3) (a) (citation and punctuation omitted). And because counsel did not testify at the new trial hearing, Oduok cannot demonstrate that counsel acted unreasonably during the jury selection process or that "absent some deficiency in counsel's performance, a different jury would have been selected that would have reached a result more favorable to [Oduok] at his trial." Id. Accordingly, Oduok cannot establish ineffective assistance on this ground. See id. ("[I]n the absence of evidence to the contrary, counsel's decisions are presumed to be strategic and thus insufficient to support an ineffective assistance of counsel claim.").

11. Finally, Oduok contends that "criminal citations by police officers at the scene of an accident and the criminalization of accident victims in a state with [a] history of racial prejudice," as well as OCGA §§ 40-6-21 and 40-6-71, should be declared unconstitutional. Pretermitting whether this Court has jurisdiction to consider Oduok's argument, see Ga. Const. Art. VI, § VI, ¶ II, Oduok has failed to demonstrate that he raised the argument in the trial court or to include any argument or citation of authority in support of the argument. See Court of Appeals Rules 25 (a) (3), (c) (2); *Fulton County v. Galberaith*, 282 Ga. 314, 315 (1) (647 SE2d 24) (2007)

10

(Georgia Supreme Court "has exclusive appellate jurisdiction over all cases involving construction of both the Federal and Georgia Constitutions. However, *in order to invoke that jurisdiction, the record must show that the trial court specifically passed on the constitutional issue*.") (citations omitted; emphasis supplied). Accordingly, the argument is deemed abandoned.

*Judgment affirmed. Miller, P. J., and Brown, J., concur*.